T. J. GATTIS v. JOHN C..KILGO, B. N. DUKE, W: H. BRANSON
and W. R. ODELL.

(Decided November 7, 1899.)

*Slander—Libel—Misjoinder of Causes of Action—Demurrer—Practice, Code, Secs. 267, 272.*

1. While several causes of action may be united in the same complaint, each must affect all the parties to the action and be separately stated. Code, sec. 267.
2. While a demurrer to a complaint for misjoinder of different causes of action should be sustained by the judge, he should not dismiss the action. It is within his discretion to allow an amendment, and if none is made, it becomes his *duty*, on just terms, to subdivide the action on docket for separate trials. Code, sec. 272.

CIVIL ACTION for libel, heard upon demurrer, before *Bryan J.,* at April Term, 1899, of the Superior Court of GRANVILLE County.

The complaint alleged slanderous words to have been spoken by defendant Kilgo of and concerning the plaintiff, and libelous publications to have been made by all the defendants concerning him.

A demurrer was filed by defendants for misjoinder of causes of action.

Demurrer was sustained, and the action was dismissed by his Honor.

Defendants excepted and appealed.

*Messrs. Guthrie & Guthrie, Boone, Bryant & Biggs, A. W. Graham* and *Hicks & Minor,* for appellants.
*Messrs. Winston & Fuller* and *R. O. Burton,* for appellee.

FAIRCLOTH, C. J.    The defendants demur to the complaint for that the plaintiff has unlawfully joined two separate causes of action in his complaint against different persons, and moves to dismiss the action.

The first five sections of the complaint allege that the defendant John C. Kilgo, in August, 1898, uttered in public slanderous words against the character and business relations of the plaintiff, and set out specifically and at length the words complained of, and further allege as follows:    "And so the plaintiff alleges that in uttering and publishing and circulating the aforesaid false and defamatory words of and concerning the plaintiff, the defendant John C. Kilgo intended thereby to charge, and did charge, the plaintiff with an offense equivalent to the crime of wilful and corrupt perjury, and thereby intended to injure, and *did injure,* the plaintiff in his good name, fame and credit accordingly, as if the plaintiff, in his testimony upon the investigation aforesaid, had been guilty of the crime of perjury."    The complaint thereafter further alleges that the defendant Kilgo and his codefendants in this action, Duke, Branson and Odell, contriving and wickedly and maliciously intending to injure the plaintiff in his good name, etc., in September, 1898, did compose, print and publish in certain newspapers, circulating in this State, or caused it to be done, a certain pamphlet containing the aforesaid false, slanderous, libelous and defamatory words of and concerning the plaintiff, and prays for damages.    The demurrer was sustained and his Honor adjudged that the action be dismissed, and the plaintiff appealed.

The contention of the plaintiff is that the allegations against Kilgo individually do not amount to a cause of action, and that they are only matters of inducement to the charge against all the defendants.    They, the defendants,

aver that, in uttering the words by Kilgo alone, he intended to injure and *did injure* the plaintiff, and we think that is a statement of a cause of action.    The failure to add a prayer for relief against Kilgo individually is not fatal. ‾ It would be technically appropriate to pray for damages. Code, sec. 233 (3).    We understand that under The Code system the demand for relief is immaterial, and that it is the case made by the pleadings and the facts proved or admitted, and not the prayer of the party, which determines the measure of relief to be administered, the only restriction being that the relief given must not be *inconsistent* with the pleadings and the facts.    A general prayer for relief will be implied. *Harris v. Sneeden,* 104 N. C., 374.

It has been held in an action for slander, "separate demands for damages need not be appended to the various allegations setting up the causes of action." *Gudger v. Penland,* 108 N. C., 593.

The balance of the complaint sets out the charges against Kilgo and the three other defendants, with a prayer for damages.

Can these two causes be joined in the same complaint? Code, sec. 267.    That section says: "But the causes of action so united....must affect all the parties to the action....and must be separately stated."

It was held in *Logan v. Wallis,* 76 N. C., 416, that there could not be such a joinder unless all the parties to the action are affected. We do not see how the last three named defendants are in anywise connected with the plaintiff's first cause of action.    It seems they were present as a committee when the words of the first cause were uttered, and that they did not participate in such utterances.    This would no more make them liable to an action than all others present and silent.    In fact, the case is on "all fours" with *Burns v. Wil-*

*liams*, 88 N. C., 159. The same view was taken in *Land Co., v. Beatty and another,* 69 N. C., 329, where the confusion and inconvenience of joining such causes was fully pointed out, with illustrations.

We approve the judgment below sustaining the demurrer, except that part dismissing the action, and that part is overruled.

When the case is called again for trial, it will be within the *discretion* of the Court to allow an amendment. If none is made, it will be the *duty* of the Judge, on just terms, to divide the action on the docket for separate trials. Code, sec. 272; *Street v. Tuck,* 84 N. C., 605; *Solomon v. Bates,* 118 N. C., 316, and several intervening decisions.

Judgment modified and affirmed.

CLARK, J., did not sit on the hearing of this appeal.