THE CITIZENS NATIONAL BANK OF BALTIMORE v. ANGELO
BROTHERS ET AL.

(Filed 20 April, 1927.)

**1. Pleadings—Demurrer —Actions—Dismissal—Counterclaim—Parties—
Causes of Action—Statutes.**

In an action by a holder in due course for value to recover against the
maker of the instrument when upon defendant's motion the officers and
directors of the payee bank and its receiver have been made parties, the
defendants' cross-action alleging payment to the payee bank and fraud
of its officers and directors, and demanding judgment over against them if
plaintiff recover judgment in the action as at first constituted, is a mis-
joinder of both parties and causes of action, the alleged action against
the receiver sounding in contract and the other in tort, and the cross-
action will be dismissed. C. S., 507.

**2. Same—Separable Controversies—Statutes.**

Where from the complaint it appears that there has been a misjoinder
of both parties and causes of action, C. S., 516, wherein a separation or
division of the causes of action will be ordered by the court, does not
apply.

APPEAL by certain of the defendants from *Oglesby, J.,* at chambers,
1 March, 1927. From FORSYTH.

Civil action to recover on a 60-day negotiable promissory note for
$5,000, alleged to have been executed by Angelo Brothers to the Mer-
chants Bank and Trust Company, 13 March, 1926, duly endorsed to the
plaintiff for a valuable consideration, before maturity and without
notice of any defect or equity, constituting the plaintiff a holder thereof
in due course.

The defendants, M. A. Angelo and T. J. Angelo, partners, trading as
Angelo Brothers, answered, alleging that on 23 April, 1926, before the
note was due, the sum of $4,985 was paid by them to Thomas Maslin,
president and managing officer of the Merchants Bank and Trust Com-
pany, in payment of said note; that the same was not surrendered be-
cause the said Maslin, with fraudulent intent, falsely represented that
it was lost or misplaced, and that it would be surrendered as soon as
found; that the note was then and is now in the possession of the plain-
tiff as collateral security; and that on the date of payment, and there-
after until closed by the Corporation Commission, the said Merchants
Bank and Trust Company was insolvent, and known by its officers and
directors to be insolvent. Whereupon, Angelo Brothers asked that the
receiver of the Merchants Bank and Trust Company, together with its
officers and directors, be made parties defendant in this action, to the
end that they might have judgment over against them in case the plain-
tiff be awarded judgment on the note in suit.

Upon the receiver and the officers and directors of the Merchants Bank and Trust Company being made parties defendant, Angelo Brothers filed an amended answer and cross-complaint, alleging in effect:

1. That they are entitled to compel the plaintiff to satisfy its demand out of other collateral held by it.

2. That they are entitled to recover of the receiver of the Merchants Bank and Trust Company the sum of $4,985, because of the fraud of its president in wrongfully obtaining said sum and refusing to apply it to the payment of said note.

3. That they are entitled to recover of the defendant Thomas Maslin whatever loss is sustained on account of his fraudulently inducing them to part with their money.

4. That they are entitled to recover of the officers and directors of the Merchants Bank and Trust Company any loss sustained by them because said directors knowingly permitted the bank to remain open while insolvent, thus obtaining their money fraudulently, etc.

To the cross-complaint of Angelo Brothers, the appellants herein, C. A. Kent, W. H. Watkins, T. V. Edmunds, W. H. Maslin, W. H. Hanes, Wade H. Bynum, S. F. Vance, and S. D. Craig, directors of the said Merchants Bank and Trust Company, severally demurred upon the ground of a misjoinder of both parties and causes of action. From a judgment overruling said demurrers, the demurring defendants appeal, assigning errors.

*No counsel for plaintiff.*

*King, Sapp & King, Benbow, Hall & Benbow, and Ratcliff, Hudson & Ferrell for C. A. Kent, appellant.*

*Brooks, Parker, Smith & Hayes and Swink, Clement & Hutchins for W. H. Maslin, W. M. Hanes, and S. D. Craig, appellants.*

*Hastings & Boone for W. H. Watkins, appellant.*

*King, Sapp & King and W. T. Wilson for T. V. Edmunds, appellant.*

*L. M. Butler for Wade H. Bynum, appellant.*

*Wallace & Wells for S. F. Vance, appellant.*

*Moses Shapiro for Angelo Brothers, appellees.*

STACY, C. J., after stating the case: The cross-actions of Angelo Brothers as against the receiver, on the one hand, and the officers and directors of the Merchants Bank and Trust Company, on the other, are separate and distinct; they are founded on different causes of alleged liability—the one sounding in contract, the other in tort; they are set up against different parties; and they are incorporated in the same complaint. Under all the decisions, such a pleading is subject to demurrer.

*Harrison v. Transit Co.,* 192 N. C., 545; *Rogers v. Rogers,* 192 N. C., 50; *Lee v. Thornton,* 171 N. C., 209; *Quarry Co. v. Construction Co.,* 151 N. C., 345, and cases there cited.

The several causes of action which may be united or joined in the same complaint are classified and enumerated in C. S., 507; and, in addition, the following limitation is expressly incorporated therein: "But the causes of action so united must all belong to one of these classes, and, except in actions for the foreclosure of mortgages, must affect all the parties to the action, and not require different places of trial, and must be separately stated." See *R. R. v. Hardware Co.,* 135 N. C., 75; *Gattis v. Kilgo,* 125 N. C., 133.

But it is suggested that even if the several causes of action have been improperly united in the same pleading, a separation or division should be ordered under C. S., 516. It is well settled that where there is a misjoinder, both of parties and of causes of action, and a demurrer is interposed upon this ground, the demurrer should be sustained and the action dismissed. *Robinson v. Williams,* 189 N. C., 256; *Bickley v. Green,* 187 N. C., 772; *Shore v. Holt,* 185 N. C., 312; *Rose v. Warehouse Co.,* 182 N. C., 107; *Roberts v. Mfg. Co.,* 181 N. C., 204; *Campbell v. Power Co.,* 166 N. C., 488; *Thigpen v. Cotton Mills,* 151 N. C., 97; *Morton v. Tel. Co.,* 130 N. C., 299; *Cromartie v. Parker,* 121 N. C., 198.

This case presents a striking illustration of the wisdom of the rule established by these decisions. If the plaintiff hold the note in suit only as collateral, and the remaining collateral held by it be amply sufficient, as alleged, to discharge its obligation, then the bringing into this suit of the other defendants would seem to be wholly unnecessary. At any rate, we think the demurrers filed herein are well founded, and that the cross-actions, as against the demurring defendants, should be dismissed.

Reversed.