EVERARD SHEMWELL, BY BAXTER SHEMWELL, HIS GUARDIAN, V. FRANK D. LETHCO, SOUTHERN REAL ESTATE LOAN AND TRUST COMPANY ET AL.

(Filed 19 February, 1930.)

**Pleadings D b——Where there is misjoinder of parties and causes, action should be dimissed.**

Where new parties to an action are made who demur upon the ground. of misjoinder of parties and causes of action as to them, the demurrer will be sustained and the cause of action demurred to will be dismissed if it appears upon the pleadings liberally construed that the demurrer is well taken. C. S., 511, 535.

APPEAL by defendant Lethco, from *Stack, J.,* at April Term, 1929, of MECKLENBURG. Affirmed.

This is an action brought by plaintiff against the defendants, alleging that a certain note set forth in the complaint, secured by deed in trust made by the Asheville Realty Company, a corporation, was void and of no effect and praying that same be canceled and asking injunctive relief *pendente lite.* The defendant Lethco and Trust Company answered denying the allegations. The defendant Lethco and Trust Company further answer and as a cross-complaint, or bill of action, make numerous allegations and pray that (1) The Asheville Realty Company, (2) Baxter Shemwell, (3) A. L. Sink, (4) Fred Sechrist and (5) Chas. Young be made parties defendant. The plaintiffs reply. Upon notice the matter of additional parties was heard before the clerk and an order made to the effect that they be made parties. Plaintiff excepted and appealed to the Superior Court. The Superior Court judge allowed the motion making the additional parties. The plaintiff excepted, assigned error and appealed to the Supreme Court.

This appeal is No. 478, at the Spring Term, 1929, of the Supreme Court; under an agreed stipulation, it was continued to be heard at the Fall Term, 1929, when the defendants' appeal from the judgment, sustaining the demurrer to defendants' cross-complaint or action, is heard. These two appeals are now considered by this Court together. The new

parties brought in made a motion that the original defendants recast their answer and cross-actions, etc.

At April Term of the Superior Court the matter coming on to be heard on the foregoing motion, the defendant Lethco tendered judgment by default final on his cross-complaint or action. The court below refused to sign the judgment tendered and defendant Lethco excepted. At said term the new parties asked to withdraw their motion to have defendants recast their answer and cross-complaint, etc., without prejudice and file demurrer to the cross-complaint set forth in the answer of defendant Lethco and Southern Real Estate Loan and Trust Company. The Court below allowed the motion, and defendant Letcho excepted.

The demurrer is as follows:

"The defendants, Asheville Realty Company, Baxter Shemwell, A. L. Sink, Fred Sechrist and Charles Young, demur to the cross-action set forth in the answer of Frank D. Lethco and Southern Real Estate Loan and Trust Company upon the following grounds:

1. For that the allegations contained in said answer do not state facts sufficient to constitute a cause of action against these defendants or any of them.

2. For that there is a misjoinder of parties and causes in that the causes of action sought to be alleged in the answer of said defendants do not affect the plaintiff or his cause of action as set forth in his complaint.

3. For that there is a misjoinder of the parties and causes in that all of the causes of action attempted to be alleged in the said answer against these defendants do not all affect all of the defendants.

Defendant Lethco excepted. The court below sustained the demurrer. Defendant Lethco excepted. On the exceptions above set forth by defendant Lethco, assignments of error were duly made and an appeal taken to this Court.

*Tillett, Tillett & Kennedy for plaintiff, Baxter Shemwell and Asheville Realty Company.*
*H. L. Taylor for defendant Lethco.*
*C. H. Gover for A. L. Sink, Fred Sechrist and Chas. Young.*

PER CURIAM. Pending this appeal the defendant Lethco died. The Commercial National Bank of Charlotte duly qualified as executor of his will, and has been made a party defendant in the action and permitted to and has adopted the pleadings heretofore had in this action. We do not think that any of the assignments of error made by defendant Lethco can be sustained. The Superior Court has large discretion in reference to some of defendants' assignments of error and from the view

we take of this matter, if error not prejudicial. Without going into an analysis of the cross-complaint, bill or action, we think the court below correct in sustaining the demurrer filed by the new parties brought into the original action by the cross-complaint, bill or action of defendant Lethco, when he filed answer to plaintiff's complaint.

In *Bank v. Angelo,* 193 N. C., at p. 578, citing numerous authorities, it is said: "It is well settled that where there is a misjoinder, both of parties and causes of action, and a demurrer is interposed upon this ground, the demurrer should be sustained and the action dismissed." *Land Co. v. Beatty,* 69 N. C., 329; *Rose v. Warehouse Co.,* 182 N. C., 107; *Pender County v. King,* 197 N. C., 50.

"A misjoinder of parties is not a material defect, and the action will proceed as to the parties properly joined; a misjoinder of causes is a defect, which may cause a separation into different actions; and a misjoinder of parties and of causes is a more serious defect, in that it may result in a dismissal of the action." McIntosh, N. C. Prac. & Proc. in Civil Cases, sec. 442, p. 453. See C. S., 456, 460, 506, 507, 508, 511, 516, 519, 521, 522; *Merrill v. Merrill,* 92 N. C., 657; *Killian v. Hanna,* 193 N. C., 17; *Thompson v. Buchanan,* 195 N. C., 155.

Under our Code of Civil Procedure, we have universally held that in construing pleadings for the purpose of determining its effect, its allegations are liberally construed with a view to substantial justice between the parties. This does not mean that injustice should be done to others by improper joinder of parties and causes of action. We should maintain a liberal but orderly system of practice and procedure, a jungle system would work injustice and sooner or later our practice and procedure would be a tangled web and maze. C. S., 535. *Clendenin v. Turner,* 96 N. C., 421.

We have read the record carefully in reference to the contentions of the parties and the briefs of the respective parties charging each other that the action and cross-action are inequitable. We pass only on the demurrer, as we are dealing simply with allegations. The parties contend in their briefs that there is an attempt to repudiate on one side and unconscionable claim on the other; the "pot calling the kettle black," but these are contentions of fact to be determined in the court below and not for us. The judgment of the court below is

Affirmed.