ROLAND MILLS AND CHARLOTTE MILLS v. THE NORTH CAROLINA JOINT STOCK LAND BANK ET AL.

(Filed 1 November, 1935.)

**Pleadings D b—Action held properly dismissed upon demurrer for misjoinder of parties and causes of action.**

An action against insurer to reform plaintiff's fire insurance policy and to upset settlement and recover an additional sum under the policy as reformed, and against plaintiff's mortgagee to restrain foreclosure and recover rents, is defective in that the several causes do not affect all parties to the action, and the action is properly dismissed upon demurrer for misjoinder of parties and causes. C. S., 507.

APPEAL by plaintiffs from *Small, J.,* at September Term, 1935, of PITT.

Civil action (1) to reform fire insurance policy issued by the Virginia Fire and Marine Insurance Company, (2) to upset settlement and recover additional sum under said policy, as reformed, for fire loss, and (3) to restrain foreclosure and recover rents from the North Carolina Joint Stock Land Bank.

Demurrer interposed for misjoinder of both parties and causes; sustained; exception; appeal.

*P. R. Hines and Julius Brown for plaintiffs.*
*Lewis G. Cooper for defendant Insurance Company.*

STACY, C. J. Plaintiffs have incorporated three causes of action in the same complaint. The first two arise out of the insurance policy issued by the Virginia Fire and Marine Insurance Company; the other is based on a deed of trust given to secure a loan from the North Carolina Joint Stock Land Bank. The several causes do not affect all the parties to the action. C. S., 507. The complaint, therefore, is bad as against a demurrer. *Atkins v. Steed, ante,* 245, and cases there cited.

Dual misjoinder of parties and causes works a dismissal upon demurrer. *Carswell v. Whisenant,* 203 N. C., 674, 166 S. E., 793; *Shuford v. Yarbrough,* 198 N. C., 5, 150 S. E., 618; *Shemwell v. Lethco,* 198 N. C., 346, 151 S. E., 729; *Bank v. Angelo,* 193 N. C., 576, 137 S. E., 705; *Shore v. Holt,* 185 N. C., 312, 117 S. E., 165.

Affirmed.