J. P. ROBERTSON, EXECUTOR OF J. H. ROBERTSON, DECEASED; AND J. P. ROBERTSON, AS AN INDIVIDUAL, v. B. F. ROBERTSON AND WIFE, BERTIE ROBERTSON; BESSIE COLEMAN AND HUSBAND, E. D. COLEMAN; INA WILLIFORD AND HUSBAND, R. D. WILLIFORD; RUBY WILLIFORD (WIDOW); ETTA ROBERTSON (WIDOW); WALTER T. ROBERTSON; MARY ROBERTSON PHILLIPS AND HUSBAND, WILLIAM PHILLIPS; JAMES PROCTOR ROBERTSON AND MARGIE MAY ROBERTSON, A MINOR 18 YEARS OF AGE.

(Filed 3 May, 1939.)

1. **Pleadings § 16: Wills § 46—Held: All parties interested in the estate were properly joined in order to effect a complete determination of all matters involved in settlement of the estate.**

The will in question provided for the distribution of the personal and real assets among testator's children, with provision that the share of each should be charged with any indebtedness owed by such beneficiary to any of the other beneficiaries. *Held:* All the beneficiaries of the estate were properly joined as defendants in the action brought in the name of the executor and the beneficiary to whom it was alleged the other beneficiaries were indebted, in order that there might be a complete determination of all matters involved in the settlement of the estate,

except that the demurrers of the husbands of two of defendant beneficiaries, against whom personal judgment was asked, were properly allowed.

2. **Husband and Wife § 18b—Joinder of husband as party defendant may be treated as surplusage unless personal judgment against husband is demanded.**

This action was instituted to determine the rights and liabilities of the beneficiaries under the provision of the will of their common ancestor that the share of each should be charged with any indebtedness owed to the other beneficiaries. *Held:* Under the provision of C. S., 2507, 2513, the married beneficiaries might be sued alone as to their independent debts and the joinder of their husbands might be treated as surplusage but for the allegations of the complaint demanding a personal judgment against them, but since personal judgment is sought against the husbands, their demurrers for misjoinder of parties and causes were properly allowed.

APPEAL by plaintiff from *Harris, J.,* at March Term, 1939, of WAKE. Affirmed as to defendants E. D. Coleman and R. D. Williford. Reversed as to other defendants.

Demurrers to the complaint, on the ground of misjoinder of parties and causes of action, were filed by all defendants except Bessie Coleman who answered. From judgment sustaining the demurrers the plaintiff appealed.

*J. C. Little and P. H. Wilson for plaintiff, appellant.*

*Jones & Brassfield for defendants B. F. Robertson and wife, Bertie Robertson.*

*Thomas W. Ruffin for defendants Ina Williford and husband, R. D. Williford.*

*J. Harold Griffin for Etta Robertson, Walter T. Robertson, Mary Robertson Phillips, William Phillips, James Proctor Robertson, and Etta Robertson, guardian ad litem for Margie May Robertson, minor.*

*W. H. Rhodes for defendant E. D. Coleman.*

DEVIN, J. The complaint, to which demurrers were interposed, sets out a cause of action for the determination of questions raised in the settlement of the estate of J. H. Robertson, the ancestor of plaintiff and defendants, in accord with the provisions of his will. C. S., 135. The plaintiff is the executor and a son of the testator. The defendants are children of the testator and the children of a deceased son. The husbands of two of testator's daughters are made parties defendant.

The portions of the will pertinent to the controversy are as follows:

"ITEM 11. If at my death any one of my children shall be indebted to any other one of said children, then the portion of the lands hereinbefore described devised to such debtor, shall be charged with the amount

of such indebtedness and until such indebtedness is settled and paid, the one in whose favor such indebtedness exists shall have the right to have such land sold as in case of a mortgage for the payment of such indebtedness. However, this provision shall not apply to the land devised to my daughters, or either of them, but they are to take the lands as hereinbefore set out.

"ITEM 12. If any one of my children at the time of my death should be indebted to any other one of said children, then the portion of the personal estate to be paid to such child as may be so indebted shall be used to pay off the indebtedness of such child or as much thereof as same will pay, and my executor hereinafter named shall carry out this provision of my will."

The action to determine the amounts of the indebtedness of the testator's children to each other and to the estate was properly brought in the name of the executor and J. P. Robertson to whom it is alleged the debts were due, and it was proper that all the children of the testator and the representatives of those deceased should be made parties, so that all matters in controversy among them might be settled in one action. *Leach v. Page,* 211 N. C., 622, 191 S. E., 349; C. S., 456; C. S., 507. The allegations in the complaint as to the indebtedness of the several defendants relate to the same subject matter and involve the rights of the parties under the quoted provisions of the will of a common ancestor.

The only ground upon which the demurrers for improper joinder of causes is based is that the husbands of two of testator's daughters, E. D. Coleman and R. D. Williford, who are not devisees or distributees under the will, are joined as parties defendant, and that as to each of them a several judgment is prayed by the plaintiff. The allegation of the complaint is that "defendant Bessie Coleman and her husband E. D. Coleman" are and were indebted to plaintiff at the time of the death of the testator. The same allegation is made as to "Ina Williford and her husband R. D. Williford." By the acts of 1911 and 1913 (C. S., 2507 and 2513) a married woman is authorized to contract and deal as if unmarried, and to sue alone for her services and for torts. *Taft v. Covington,* 199 N. C., 51, 153 S. E., 597. Hence, in a suit against a married woman to recover upon her individual debt, where no personal judgment is sought against her husband, the joinder of the husband as party defendant may be treated as surplusage. *Shore v. Holt,* 185 N. C., 312, 117 S. E., 165.

But here it is alleged that defendants Bessie Coleman and her husband, and Ina Williford and her husband are indebted to the plaintiff and judgment against them is asked in that form. This would have the effect of rebutting the possible inference that the husbands of the two daughters were made parties merely because of their conjugal relation-

ship (C. S., 454, and C. S., 2520). We think, therefore, the demurrers were properly sustained as to the defendants E. D. Coleman and R. D. Williford.

As to all other defendants the demurrers should have been overruled. All who have or claim any interest in the estate were properly joined as parties defendant and included in the same action, in order that there might be a complete determination of all matters involved in the settlement of the estate of J. H. Robertson under the terms of his will.

As to defendants E. D. Coleman and R. D. Williford, judgment

Affirmed.

As to other defendants, judgment

Reversed.