STATE OF NORTH CAROLINA ON RELATION OF C. G. ELLIS, H. B. BAINES, W. J. EASON, C. E. CARTER, H. R. HOFLER, J. D. ROUNTREE, E. L. RICE, M. B. HOBBS, M. L. BYRUM, W. O. HILL, W. F. HILL, H. O. HOFLER, AND MARY IOLIA LILLEY, ADMINISTRATRIX OF JOSHUA MULLEN, DECEASED, AND THE ABOVE NAMED RELATORS INDIVIDUALLY, V. B. H. BROWN, W. W. POWELL, C. E. SAWYER, H. V. BEAMON AND FIDELITY & CASUALTY COMPANY, INC (FIDELITY & CASUALTY COMPANY OF NEW YORK).

(Filed 19 June, 1940.)

1. **Principal and Surety § 15: Counties §§ 5, 7; Pleadings § 16—Causes alleged held not to affect all parties, and cause in tort was joined with causes on contract, and demurrer was properly sustained.**

   Plaintiffs, sureties on the bond of the clerk of the Superior Court, sought to recover in this action against the county accountant for alleged negligence in failing to properly audit the books of the clerk, against the members of the board of county commissioners for alleged negligence in employing incompetent accountants and in failing to employ competent ones after discovering the neglect of both the county accountant and the clerk, and against the members of the board of county commissioners as statutory bondsmen, C. S., 335, in approving the bond of the county accountant in a penal sum less than that required by statute. *Held:* Defendants' demurrers for misjoinder of parties and causes of action were properly sustained, since one of the causes sounds in contract while the others sound in tort, and since the causes alleged do not affect all the parties to the action.

2. **Principal and Surety § 15: Counties §§ 5, 7—Sureties on clerk's bond may not hold accountant and commissioners liable for alleged negligence in regard to audit of books of clerk.**

   This action was instituted by the sureties on the bond of the clerk of the Superior Court against the members of the board of county commissioners and the county accountant to recover for loss sustained by plaintiffs in making good defalcations by the clerk. Plaintiffs alleged negligence on the part of defendants in failing to have a proper audit and accounting of the books of the clerk. *Held:* There is no causal connection between the negligence alleged and the damage sustained by plaintiffs, since defalcation of the clerk causing the loss could have occurred regardless of whether defendants had performed their statutory duties in regard to auditing the clerk's books, and defendants' demurrers for failure of the complaint to state a cause of action were properly sustained.

APPEAL by plaintiffs from *Thompson, J.,* at Chambers in Elizabeth City, N. C., 13 January, 1940. From GATES.

This is an appeal from a judgment sustaining demurrers and dismissing the action. The complaint alleges in substance: Plaintiffs or relators are citizens and taxpayers of Gates County and were sureties on the official bond of R. S. Boyce, former clerk Superior Court of Gates

County.  The defendant Brown was chairman of the Board of Commissioners of Gates County and the defendants Powell and Sawyer were members of the board.  The defendant Beamon was County Accountant of Gates County, and the defendant Fidelity & Casualty Company of New York was surety on his official bond as such accountant in the penal sum of $4,000.00.  The commissioners negligently and wrongfully failed to require bond in the sum of $5,000.00 as prescribed by law (C. S., 1334 [69]), and are therefore, by statute (C. S., 335), also liable as sureties on the official bond of the county accountant in the penal sum of $5,000.00.  During the entire time he was county accountant the defendant Beamon negligently and wrongfully failed to perform his duties with respect to examination and auditing of the records, accounts, receipts and disbursements of the said R. S. Boyce, clerk Superior Court, as required by the County Fiscal Control Act (C. S., 1334 [53], *et seq.*), or to require the said clerk to keep records and make reports and accountings as prescribed by said act.  The defendant county commissioners also negligently and wrongfully failed to require the county accountant and clerk Superior Court to perform the duties aforesaid as required by the County Fiscal Control Act and also negligently and wrongfully failed to perform certain duties imposed upon the commissioners themselves by other statutes with reference to examining the records of the clerk's office and requiring reports from the clerk.  When it was finally brought to the attention of the commissioners that the clerk was probably short in his accounts they employed an unauthorized and incompetent person to make an audit instead of having it done by the county accountant or some accountant approved by the Local Government Commission as required by law.  As a result said audit was not properly conducted and erroneously reported no shortage.  As a proximate result of the aforesaid negligent and wrongful failure on the part of the commissioners and county accountant to perform the duties required of them the said R. S. Boyce, clerk Superior Court, was enabled to embezzle and did embezzle a large sum of money, which the plaintiffs were required to make good by paying a judgment against them as sureties on his official bond.  The said Boyce, former clerk, is utterly insolvent and is now serving sentence for said embezzlements.

The defendant commissioners filed a demurrer and the defendant Beamon and his surety a separate demurrer, both on the ground of misjoinder of parties and causes of action and both also upon the ground that the complaint failed to state facts sufficient to constitute a cause of action.  The court sustained the demurrers and entered judgment dismissing the action, to which the plaintiffs excepted, assigned error and appealed to the Supreme Court.

*Claude J. Gray and W. D. Pruden for plaintiffs, appellants.*

*Ruark & Ruark, McMullan & McMullan, Godwin & Godwin, and T. W. Costen, Jr., for defendants, appellees.*

SCHENCK, J.  The action is by the State in behalf of the relators who were sureties on the official bond of the former clerk of the Superior Court of Gates County.  The clerk defaulted and as a consequence the relators were compelled to pay a judgment against them amounting to $6,500.00 and $41.60 cost of court.

Complaint is first made against the defendant Beamon, the county accountant, and the surety on his official bond, the defendant Fidelity & Casualty Company of New York, for failure to properly audit and supervise the accounts of Boyce, clerk of the Superior Court.

The defendants Brown, Powell and Sawyer, as commissioners of Gates County, are also sought to be held liable as statutory bondsmen of the county accountant because they approved his bond for $4,000.00 when the statute required a bond in at least $5,000.00.

The defendants Brown, Powell and Sawyer are joined additionally for employing incompetent accountants and failing to employ competent ones after discovering the neglect of both the clerk and the county accountant.

The first cause of action alleged against the county accountant and the surety on his official bond is separate and distinct from the causes of action alleged against the commissioners of the county.  The one sounds in contract; and the others in tort.  The alleged liabilities are different; they arise out of different situations, and they do not affect all the parties to the action.  Their inclusion in the same complaint therefore constitutes a misjoinder of causes of action.  C. S., 507; *Bank v. Angelo,* 193 N. C., 576, and cases there cited; *Street v. Tuck,* 84 N. C., 605.

We are also persuaded that there is not only a misjoinder of causes, but that there is also a deficiency in the facts alleged to constitute any cause of action against the defendants.  The proximate cause of the loss sustained by the relators was the defalcation of their own principal.  Without this intervening, independent, wrongful act of a responsible agency or third person, no injury would have resulted from the matters and things of which the relators now complain, *Butner v. Spease, ante,* 82.  The wrong alleged to have been committed and the loss alleged to have been sustained do not stand in the relation of cause and effect.  The loss alleged to have been sustained by the plaintiffs was not the direct or immediate result of the defendants' alleged acts.  The only direct and immediate cause of the loss alleged to have been sustained by the plaintiffs was the dishonesty and embezzlement of the clerk, their principal, whose honesty and fidelity was the express obligation of their

undertaking. The defendants could have done all that they are alleged to have done and have left undone all they are alleged to have left undone and yet no injury to the plaintiffs would have resulted; they could have observed the statutes to the very letter and the loss to the plaintiffs would have been the same. The clerk could have embezzled the funds with or without strict compliance with the statutes by the defendants. Therefore, there was no causal connection between the alleged acts of the defendants and the loss alleged to have been sustained by the plaintiffs. *Hudson v. McArthur,* 152 N. C., 445.

The taproot of this case is the criminal conduct of the former clerk of the Superior Court of Gates County. The relators as sureties vouched for his honesty. They have stepped into his shoes and made good his peculations. Liabilities, and not rights, flow from criminality. *Reynolds v. Reynolds,* 208 N. C., 428.

We conclude that the demurrers were properly sustained, and that the judgment dismissing the action should be affirmed. It is so ordered.

Affirmed.