MELVINA WINGLER AND MINDA C. LONG v. A. R. MILLER AND M. C. WINGLER, ADMINISTRATORS OF N. WINGLER, DECEASED, A. R. MILLER, INDIVIDUALLY, AND T. J. PEARSON AND HARRY PEARSON, SURETIES UPON ADMINISTRATORS' BOND.

(Filed 25 March, 1942.)

**1. Pleadings § 16a—**

The sustaining of a demurrer on the ground of misjoinder of parties and causes requires a dismissal of the action.

**2. Same—Demurrer to cross action for misjoinder of parties and causes should have been sustained in this case and the cross action dismissed.**

This action was instituted by the beneficiaries of an estate against the two administrators and the sureties on their bond, alleging that one of the administrators, M, had wrongfully obtained possession of and misapplied certain funds of the estate, under the pretense that the funds belonged to a partnership formerly existing between him and the decedent. M and the sureties on the administration bond filed joint answer denying that the fund referred to belonged to the estate; and M, alone, further

answering, set up a cross action against the plaintiffs and his coadministrator, alleging that the latter had been placed in charge of certain business of the former partnership, and had neglected and mismanaged same, and refused to account. M prayed that his coadministrator be enjoined from further operating the business, that a receiver be appointed therefor, and that his coadministrator be removed. It was further alleged in M's cross action that plaintiffs had conspired with the coadministrator to slander him by circulating false charges of misapplication of funds of the estate, and recovery was asked therefor. *Held:* Plaintiffs' demurrer on the ground of misjoinder of parties and causes of action was properly sustained, and that plaintiffs were entitled to have the cross action dismissed.

APPEAL by plaintiffs from *Rousseau, J.,* at October Term, 1941, of WILKES. Modified and affirmed.

Plaintiffs' demurrer to the cross-bill set up in the answer was sustained, but the court's order permitted the cross-bill to remain on the docket for the purpose of amendment. Plaintiffs excepted and appealed.

*Ira T. Johnston and J. Allie Hayes for plaintiffs, appellants.*

*A. H. Casey, John R. Jones and Trivette & Holshouser for defendant A. R. Miller, appellee.*

DEVIN, J. Plaintiffs assign error in the court's ruling upon their demurrer to the defendants' cross-bill. They contend that, instead of permitting it to remain on the docket, the cross-action should have been dismissed. To determine the correctness of the challenged ruling requires consideration of the pleadings in the cause. The material matters therein set out may be briefly stated as follows:

The plaintiffs, the heirs-at-law of N. Wingler, deceased, and the sole distributees of his estate, instituted their action against A. R. Miller and M. C. Wingler, the administrators of the estate, and the sureties on their administration bond. The gravamen of their complaint is the alleged misapplication of certain funds of the estate by defendant Miller under the pretense that the funds belonged to a partnership formerly existing between N. Wingler and defendant Miller. The plaintiffs alleged that there was in the possession of N. Wingler at the time of his death the sum of $6,395.57, of which one-half was, by consent of his coadministrator, paid to and received by defendant Miller as surviving partner. It was alleged that this money belonged to the estate and was not partnership funds. It was also alleged that all the debts of the estate had been paid, and that the plaintiffs as sole distributees were entitled to the entire amount of this fund. Plaintiffs further alleged that defendant Miller had fraudulently induced his coadministrator, M. C. Wingler, to join in the wrongful diversion of this fund, and that on account of this breach of trust defendant Miller should not be allowed commissions and should

be removed as administrator. Recovery was asked against the defend-
ants Pearson, the sureties on the administration bond.

The defendant Miller, as administrator and individually, and the
defendants Pearson as sureties on the administration bond, filed joint
answer in which the allegations of wrongful conduct were denied, and
it was alleged that the funds referred to were partnership funds, and
that defendant Miller as surviving partner was entitled to one-half
thereof. No objection was raised as to the propriety of plaintiffs' action.
Further answering the defendant Miller, alone, "by way of new matter,
cross-bill, and further defense," alleged that, pursuant to an agreement
after the death of N. Wingler, defendant M. C. Wingler had been put
in charge of the partnership mercantile business formerly conducted
by N. Wingler and defendant Miller, but that defendant M. C. Wingler
had neglected the business and engaged in drinking and gambling, and
had refused to account. Thereupon as to M. C. Wingler defendant
Miller prayed that he be enjoined from further operating the business,
that a receiver be appointed to take charge of the goods and merchan-
dise, and that M. C. Wingler be removed as administrator.

The defendant Miller further alleged in his cross-bill that the plain-
tiffs and the defendant M. C. Wingler had conspired together to slander
and defame him by maliciously circulating the report that he had wrong-
fully and unlawfully taken the sum of four thousand dollars from the
estate of N. Wingler, and that by reason of such defamation he had been
damaged in the sum of twenty-five thousand dollars.

Separate prayers for relief were set out in the answer. The defend-
ants Pearson prayed that plaintiffs take nothing by their action. The
defendant Miller prayed, in addition, that M. C. Wingler be enjoined,
that a receiver be appointed, that M. C. Wingler be removed as admin-
istrator, and that he recover of the plaintiffs and M. C. Wingler dam-
ages for slander.

The plaintiffs demurred to the defendants' cross-bill on the ground
that there was a misjoinder of parties and causes of action, that the at-
tempted cross-action for damages for conspiracy to defame was not
proper or permissible to be set up in this action, and that the cross-bill
did not state facts sufficient to constitute a cause of action for slander,
in that no slanderous words were set out.

The court below entered an order that M. C. Wingler individually
should be made a party defendant; that the demurrer be sustained; that
the cross-bill of defendant Miller be retained on the docket, and that
defendant Miller be allowed to file amended pleadings so as to make his
cross-action more specific. Thirty days were allowed within which to
amend. Plaintiffs' appeal relates to the concluding portions of this
order.

While it was adjudged that the demurrer be sustained, it would seem, from that portion of the court's order permitting the cross-bill to be retained on the docket for the purpose of amendment, that the court failed to give effect to the demurrer interposed on the ground of misjoinder of parties and causes of action. It is well settled that the sustaining of a demurrer on that ground requires the dismissal of the action. *Bank v. Angelo,* 193 N. C., 576, 137 S. E., 705; *Mills v. Bank,* 208 N. C., 674, 182 S. E., 336; *Ellis v. Brown,* 217 N. C., 787, 9 S. E. (2d), 467. Hence the judgment sustaining the demurrer, which was based on several grounds, including that of misjoinder of parties and causes of action, should have ordered the dismissal of the cross-action.

We think the plaintiffs were entitled to have their demurrer on this ground sustained. From an examination of the pleadings it appears that, in answer to the plaintiffs' complaint, setting forth a cause of action against him and another as administrators, and the sureties on their administration bond, the defendant Miller sought to maintain a cross-action, in his own name, as an individual and as surviving partner, against his codefendant and coadministrator M. C. Wingler, for wasting partnership goods, for an injunction, for the appointment of a receiver, and for his removal as administrator. In this the defendant Miller's codefendants Pearson had no interest and did not join. To his cross-action against M. C. Wingler the defendant Miller then joined an action against the plaintiffs Melvina Wingler and Minda C. Long and his codefendant M. C. Wingler for conspiracy to defame him by slanderous charges.

It is apparent that there is both a misjoinder of causes of action and of parties. Different causes of action are attempted to be set up against different parties, not common to all. *Wilkesboro v. Jordan,* 212 N. C., 197, 193 S. E., 155; *Holland v. Whittington,* 215 N. C., 330, 1 S. E. (2d), 813; *Burleson v. Burleson,* 217 N. C., 336, 7 S. E. (2d), 706. The cross-bill is not for the settlement of the estate (*Robertson v. Robertson,* 215 N. C., 562, 2 S. E. (2d), 552), nor does it come within the rule stated in *Trust Co. v. Peirce,* 195 N. C., 717, 143 S. E., 524.

The fact that in his order sustaining the demurrer the court made M. C. Wingler in his individual capacity a party defendant does not help matters.

It follows that the plaintiffs were entitled to have the cross-action dismissed, and that it was error to order it retained on the docket. The judgment sustaining plaintiffs' demurrer to the cross-bill is affirmed, but the order should be modified, in accordance with this opinion, so as to direct the dismissal of the cross-action.

Modified and affirmed.