C. L. BEAM v. K. W. WRIGHT AND WIFE, MARY B. WRIGHT, ORIGINAL PARTIES DEFENDANT, AND FIRST CITIZENS BANK & TRUST COMPANY, ADDITIONAL PARTY DEFENDANT.

(Filed 21 October, 1942.)

**Pleadings § 16a—**

In an action by plaintiff against original defendants on a promissory note, the original defendants filed answer and cross complaint making a bank a defendant and alleging a series of transactions with the bank in which they did not receive proper credits, and also alleging that plaintiff, an officer of the bank, while original defendants were negotiating a loan from the bank, lent them $700 or $800 temporarily by honoring their checks on the bank, and prevailed upon them to sign a note in blank to plaintiff personally to cover the checks, which note plaintiff filled out for $5,976.00, and which is the note in suit. *Held:* The bank's demurrer, under C. S., 511, should have been sustained, there being defects in the joinder of both parties and causes.

APPEAL by defendant First Citizens Bank & Trust Company from judgment overruling its demurrer to cross complaint filed by original defendants Wright and wife entered by *Frizzelle, J.,* at June Term, 1942, of CARTERET.

This is a civil action instituted by plaintiff C. L. Beam against original defendants K. W. Wright and wife, Mary B. Wright, upon an alleged promissory note for $5,976.00 dated 25 August, 1940, maturing 26 December, 1940. The complaint alleges the execution and delivery of the note, its maturity and nonpayment.

The original defendants, K. W. Wright and wife, Mary B. Wright, filed answer and cross complaint, and asked that the First Citizens Bank & Trust Company be made a party defendant. The answer and cross complaint allege a series of transactions between the Wrights and the First Citizens Bank & Trust Company beginning with a loan of $1,500.00 by the bank to the Wrights on 15 December, 1938, and continuing at various times thereafter with other loans evidenced by notes signed and delivered by them to the bank, for which, however, they did not receive proper credits on the records of the bank; and on 28 February, 1940, the Wrights executed a note to the bank for $4,700.00, which included all their indebtedness to the bank, and this last mentioned note was paid in full and thereafter the bank had no further claim against the Wrights; the answer and cross complaint of the Wrights further allege that in June, 1940, they applied to the bank for a loan of $2,000.00, and while waiting for this loan to be approved by the bank they borrowed from C. L. Beam, personally, $700.00 or $800.00, this being accomplished by

the Wrights drawing checks on the bank and the plaintiff C. L. Beam, who was an executive officer of the bank, having said checks honored and presumably, personally paying the bank; that subsequently, when the Wrights had issued checks on the bank to an amount between $700.00 and $800.00, the plaintiff C. L. Beam prevailed upon the Wrights to sign a note to him, as he represented to them, to cover the amount due him for checks drawn on the bank by the Wrights and paid by Beam, personally; that this note was in blank when signed, the plaintiff Beam representing that he did not know the exact amount due him, but that he would get it when the safe, which was under a time lock, could be opened, and that he would then fill the note out for the correct amount; that the plaintiff Beam took the note so signed in blank and filled it out for the sum of $5,976.00, when the true amount due the plaintiff Beam by the defendants Wright was between $700.00 and $800.00, and that the note sued on was the note so procured by the plaintiff. The defendants Wright admit an indebtedness to the plaintiff Beam of between $700.00 and $800.00.

The First Citizens Bank & Trust Company filed demurrer to the answer and cross complaint of the defendants Wright upon the ground, *inter alia,* that there is a defect of parties defendant and that several causes of action have been improperly united.   C. S., 511.

The demurrer was overruled and the demurring defendant, the First Citizens Bank & Trust Company, excepted and appealed, assigning as error the court's action "in rendering the judgment as set out in the record."

*L. I. Moore and R. E. Whitehurst for K. W. Wright and wife, Mary B. Wright, appellees.*

*Wheatley & Wheatley for First-Citizens Bank & Trust Company, appellant.*

SCHENCK, J.   We are constrained to hold that the judgment of the Superior Court overruling the demurrer was error.

If the defendants Wright did not receive proper credits on the records of the bank for notes to the bank which they signed and delivered, as they allege, their relief would be an action against the bank and not the plaintiff Beam; and if the defendants Wright owed the plaintiff Beam between $700.00 and $800.00 on a note which the Wrights executed to Beam, the bank would have no interest in the amount so due.

The First Citizens Bank & Trust Company, the appealing defendant, is not affected by and has no interest in the cause of action alleged in the complaint for the reason that said bank has no interest in any alleged cause of action between the plaintiff Beam and the defendants Wright.

The plaintiff Beam likewise is not affected by and has no interest in any cause of action alleged in the cross complaint of the defendants Wright against the First Citizens Bank & Trust Company.

The statute, C. S., 507, classifying what causes of action may be united, specifically provides that "the causes of action so united . . . must affect *all* the parties to the action," with certain exceptions, in which this action is not included. None of the causes of action alleged in the complaint or in the cross complaint affect *all* the parties to this action, and therefore the demurrer thereto should have been sustained. *Roberts v. Mfg. Co.,* 181 N. C., 204, 106 S. E., 664; *Bank v. Angelo,* 193 N. C., 576, 137 S. E., 705; *Shemwell v. Lethco,* 198 N. C., 346, 151 S. E., 729; *Wingler v. Miller,* 221 N. C., 137, 19 S. E. (2d), 247; *Finance Corporation v. Lane,* 221 N. C., 189, 19 S. E. (2d), 849.

The demurrer should have been sustained and the cross action dismissed, *Wingler v. Miller, supra,* and cases there cited, and the case is therefore remanded for such action.

Reversed.