The plaintiff brought this action to recover damages for the destruction by fire of a tobacco warehouse building and equipment in Henderson, North Carolina, of which he was in large part owner, allegedly caused by the negligence of the defendant in its manner and method of supplying *Page 399 
electric current to the warehouse and defects in its equipment and devices used in passing the current to the point of delivery and its failure to use reasonable precautions in connection with the fire. The specifications of the negligent acts or omissions are not relevant to the appeal; but it has been though germane that the contract under which the Power Company furnished current to the plaintiff provides that the Company merely undertook to carry the current to a point of delivery on the outside of the wall of the warehouse, where, it is alleged, the plaintiff received it and transmitted it through the warehouse on devices entirely installed, inspected, and controlled by him, and over which the Power Company had no control, and with respect to which it had no duty; and the defendant alleges it was without fault in causing the fire, which it avers in a "first further defense," came about through the fault of the plaintiff, in the manner specified in the answer. In a second further defense it is alleged that plaintiff agreed that "consumer (C. J. Fleming) shall indemnify, save harmless, and defend Company (Carolina Power Light Company) against all liability, claims, judgments, costs and expenses for injury, loss or damage to persons or property on account of defective construction, wiring, or appliances on consumer's (C. J. Fleming's) side of point of delivery."
The second prayer for relief made by the defendant Company is addressed to this defense and is as follows:
 "That if a recovery is allowed against it for any amount, or amounts, that it have and recover judgment over against C. J. Fleming
 (a) under his liability under the indemnity agreement alleged and/or under his primary liability as a joint tort-feasor for the full amount or amounts so recovered of this defendant, with its costs and expenses incurred in conducting its defense, or if not entitled to such recovery, then
 (b) for full contribution under his liability as a joint tort-feasor under the provisions of G.S. 1-240."
Defendant further alleges in a cross-action that the fire which destroyed the warehouse destroyed also various items of property belonging to other persons and concerns covered by policies issued by several fire insurance companies named in the answer; that the plaintiff and the owners of the property so destroyed were insured against loss by the several fire insurance companies named in the answer and that they were fully compensated by the payments so made. The answer, through an appended exhibit, lists the names of said insurance companies, together with the amounts paid by each. *Page 400 
It is alleged in the "cross-action" that the insurance companies by reason of payments so made claim to be subrogated to the rights of the assureds to prosecute an action against wrongdoers claimed to be negligent in causing the fire, including the answering defendant; and that they have agreed amongst themselves to undertake to recover from the defendant the sums claimed to have been paid by them respectively, have pooled their interests, and have jointly employed "the attorneys of record in this action" to take action in the premises, including institution and prosecution of this action.
It is alleged that in the pursuit of this common enterprise to recoup their losses one of the attorneys wrote a letter to the various companies who had paid losses, as set forth in the answer, making a combined demand on the defendant Power Company, as negligent causa of the fire, for payment to said insurance companies, respectively, the amounts so disbursed.
Defendant, further amplifying its cross-action, alleges that the present action is brought and prosecuted in conformity with the agreement above set out as a test suit for the benefit of the named insurance companies and other companies like situated to cast the liability for the fire upon the defendant Company by court action and rely on the judgment so obtained asres judicata, foreclosing defenses against said insurers, or coercing defendant into compromise settlements in order to avoid the harassment and expense of defending "a multiplicity of actions."
The defendant, reiterating its denial of negligence and liability, points out "that if a recovery is allowed in this action or any other action or actions instituted or prosecuted by insurance companies in respect to their claims, the defendant Company is entitled to recover of the plaintiff Fleming, by virtue of the indemnity clause in the contract, the amount of such recovery, or recoveries, with cost and expenses of defending the present or any other relevant action. And the answer further avers that any cause of action the insurance companies may have, or any liability they may assert "arises out of facts and circumstances which are identical with those involved in this action." And, further, "That this is an action of an equitable nature instituted and prosecuted for the joint use and benefit of the said insurers of C. J. Fleming as the real parties in interest, and also for the joint use and ultimate benefit of the other said insurers mentioned in `Exhibit A,' as hereinbefore alleged." And, ". . . That it is proper, convenient, equitable, and just that all of said claims and the alleged liability of this defendant thereon, as well as the liability of C. J. Fleming to this defendant in respect thereto, should be examined in this action and full relief be given to all of the parties in one comprehensive decree as may be necessary to properly determine and adjudicate *Page 401 
the respective rights and liabilities of the parties growing out of said alleged fire . . ."
On the facts, defendant alleges that the named insurance companies are "real parties in interest in this action and are, therefore, necessary and proper parties," and moves to have them brought in to assert their claims, if any they have, against this defendant or be forever barred;" in order that the rights of the said insurance companies, the plaintiff Fleming, and this defendant may be determined and finally adjudged.
The motion lists the names of insurance companies sought to be made parties, including those above set out in the record as defendants.
Upon this representation defendant Power Company's motion to make parties was allowed and summons issued against them bringing them into court as parties defendant.
Thereafter the plaintiff Fleming filed a demurrer to defendant's second "further answer and defense," relating to the alleged indemnity agreement above quoted, on the ground that it does not state a cause of action; filed a motion to strike the entire "cross-action" against Fleming from the answer, and also the second numbered prayer for relief based on the indemnity feature in the contract with defendant, above mentioned. Each of the 21 insurance companies brought in under motion of the defendant Power Company moved to have its name stricken from the answer on the ground that it is not a necessary party to the action, and has been improperly joined as party defendant.
At the June Term, 1948, of Vance Superior Court, the demurrer and motions were heard by Judge Williams, who entered orders overruling plaintiff's motion to strike, and denying the motions of the insurance companies to strike their respective names from the answer of the defendants.
The plaintiff and the insurance companies duly excepted and appealed.
Our attention is first directed to the motion of the plaintiff to strike from the answer the defendant's second further defense relating to the indemnity clause in the contract with the plaintiff, reading as follows:
 "Consumer (C. J. Fleming) shall indemnify, save harmless, and defend Company (Carolina Power Light Company) against all liability, claims or judgments, costs, and expenses for injury, loss, or damage to persons or property on account of defective construction, *Page 402 
wiring or appliances on consumer's (C. J. Fleming's) side of point of delivery."
The plaintiff interposed his motion to strike in apt time to insist upon the relief as a matter of right, if entitled to it. Parrish v. R. R.,221 N.C. 292, 20 S.E.2d 299; Duke v. Children's Comm., 214 N.C. 570,199 S.E. 918; Trust Co. v. Dunlop, 214 N.C. 196, 198, 198 S.E. 645;Pemberton v. Greensboro, 203 N.C. 514, 166 S.E. 396.
It appears from the pleadings that plaintiff was not sole owner of the warehouse destroyed by the fire, and not the only person or concern damaged thereby. The possibility that others might be damaged by the negligence of the consumer, to whom current was furnished to a point of delivery outside the establishment, and passed through the equipment and devices of the consumer, and thus involve the Power Company in litigation with a third person as joint tort-feasor with Fleming, is the only apparent reason for the insertion of this clause; and certainly only in the event that such a situation has arisen could it be seriously considered. It is unnecessary and ill adjusted as a defense against self-inflicted injury on the part of defendant and would be ineffective as a device by which the Power Company sought to avoid liability for its own negligence in a suit, inter parties. None of the owners of property injured or destroyed by the fire except the plaintiff Fleming is involved in the suit; and in Fleming the defendant Power Company has the only suggested person whom it would implead as joint tort-feasor. G.S. 1-240, relating to contribution to joint tort-feasors, is clearly inapplicable to defendant's contention. In so far as it might apply to the parties litigant, the statute goes no further than to authorize bringing in all joint tort-feasors when the claim is asserted by a third party, and certainly does not apply to the persons apprehended to have been injured by the joint tort, G.S. 1-240, and cases annotated. Lumbermen'sMutual Casualty Co. v. United States Fidelity, etc., Co., 211 N.C. 13,188 S.E. 634.
The further defense does not seem to be relevant to any matter presently issuable in the controversy between Fleming and the Power Company, or between these original parties and the parties brought in under the motion in defendant's cross-action, and it should have been stricken out. The judgment to the contrary is reversed. (See discussion of the "cross-action,"infra.)
The second prayer for relief based on the irrelevant defense must follow its fate.
The matters alleged by the defense as a "cross-action" do not assert or constitute any cause of action pleadable in the case, except as bearing on the matter of contribution and, therefore, would be relevant only against a joint tort-feasor when brought in. There has been no attempt *Page 403 
to bring in any joint tort-feasor, and under the facts pleaded in the answer there could be none save Fleming, who is already a party. The answering defendant has not asserted any cause of action against the additional parties or made any demand concerning them except that they be made parties and required to assert their claims. In defendant's pleading they are classified as parties subrogated to the rights of the supposed claimants and, therefore, actors against whom the Power Company proposes to defend.
We have adverted, supra, to the inapplicability of the statute, G.S.1-240, upon which the defendant bases the propriety and validity of the challenged order. We add that this statute neither directly nor by implication authorizes the bringing in of persons who are apprehended to have been damaged or injured, at the convenience of the tort-feasor in determining the right to contribution in one trial.
The statute creates a new right — contribution between tort-feasors, — and authorizes the bringing in of a joint tort-feasor only when the defendant has been sued with respect to the tort, then only on proper allegations of fact; or a recovery over after judgment under the provisions of the statute. Mangum v. So. Ry. Co., 210 N.C. 134,185 S.E. 644; Lackey v. So. Ry. Co., 219 N.C. 195, 13 S.E.2d 234.
The gravamen of the motion lies in the additional argument that all the adverse parties in interest have pooled their demands and entered into a combination to fix the liability on it in a test suit, — in a sort of squeeze play, — intending, if successful, that the judgment in this action shall be thereafter pleaded as res judicata. By virtue of this combination it is argued, the defendant is threatened with the harassment of a multiplicity of suits involving the same liability; and it is urged that because of the involvement of the principle of subrogation the action is of an equitable nature and that it is within the power and is the duty of the Court, in the exercise of its equitable jurisdiction, to protect the rights of the defendant and relieve it from the embarrassment of a multiplicity of actions by requiring that all the matters be heard in a single action.
Frankly speaking, the Court is not aware of any rule of practice or procedure by which sleeping claims of this nature can be forced into the open and the persons and concerns to whom they appertain compelled to assert them for the convenience of a defendant, quia timet. "There is no process known to the law by which one man can compel another to sue him." 39 Am. Jur., Parties, sec. 93.
Whether legal or equitable, the joinder of causes of action and the parties to whom they belong must come within the provisions of our Code of Civil Procedure, G.S. 1-123, et seq., G.S. 1-68, 1-69, et seq. (see cases annotated), unless by some special modifying statute or recognized rule of practice an exception is created. There is no such exception here. *Page 404 
It is true the Court may, ex mero motu, and in its discretion, "consolidate for trial separate actions by different plaintiffs against common defendants for damages arising out of the same accident except when such consolidation would be injurious or prejudicial to one or more of the parties." Peeples v. R. R., Edwards v. R. R., Kearney v. R. R.,228 N.C. 590, 592, 46 S.E.2d 649. That rule, however, does not go to force claimants to institute actions for the purpose of having them so consolidated; and in the absence of statutory authority cannot be so enlarged. The analogy suggested cannot be extended to establish or buttress the rule of practice suggested. Osborne v. Canton and Kinsland v. Mackey,219 N.C. 139, 13 S.E.2d 265.
It is not enough that the causes of action may have arisen from the same source, — in this instance the fire alleged to have been created by the answering defendant. The test of the matter lies in the nature of the particular cause of action and its relation to others sought to be joined. In the case at bar it is clear from the record that the damage and loss of property caused by the fire was, in each instance, an invasion of a personal and individual right in which none of the owners or subrogated parties shared, or have an interest; each is insulated from the other, personal, independent and unrelated. In other words, there is an entire lack of a community of interest in the subject matter of the pending suit and, therefore, the parties brought in under this compulsory order are neither proper nor necessary parties to the complete termination of the controversy. Brown v. Coble, 76 N.C. 391; Logan v. Wallis, 76 N.C. 416;Street v. Tuck, 84 N.C. 605; Burns v. Williams, 88 N.C. 159. In Coulterv. Wilson, 171 N.C. 537, 540, 88 S.E. 857, Justice Hoke quotes with approval 31 Cyc. 224, as follows: "A cross-action by a defendant against a codefendant or third party must be in reference to the claim made by plaintiff, and based upon an adjustment of that claim. Independent and irrelevant causes of action cannot be litigated by cross-actions."Montgomery v. Blades, 217 N.C. 654, 9 S.E.2d 397; Wingler v. Miller,221 N.C. 137, 19 S.E.2d 247. "Questions in dispute among the defendants may not be litigated by cross-action unless they arise out of the subject of the action as set out in the complaint and have such relation to the plaintiff's claim as that their adjustment is necessary to a full and final determination of the cause." Hulbert v. Douglas, 94 N.C. 128; Montgomeryv. Blades, supra; Wingler v. Miller, supra; Beam v. Wright, 222 N.C. 174,22 S.E.2d 270.
In Schnepp v. Richardson, 222 N.C. 228, 22 S.E.2d 555, it is said: "The cross-action defendants seek to set up against Fisher is not germane to, founded upon or necessarily connected with the subject matter in litigation between plaintiff and defendants. Decision on the issues thus attempted to be raised is not essential to a full and complete determination *Page 405 
of the cause of action alleged by plaintiff. It should not be engrafted upon his action and thus compel him to stand by while defendants and Fisher litigate their differences in his suit. Montgomery v. Blades, supra;Wingler v. Miller, supra; Burleson v. Burleson, 217 N.C. 336,7 S.E.2d 706; Beam v. Wright, supra." And, again, "The cross-action by defendant against a codefendant or a third party permitted under our practice must be in reference to the claim made by the plaintiff and based upon an adjustment of that claim;" citingCoulter v. Wilson, supra; Montgomery v. Blades, supra; Wingler v.Miller, supra; Hulbert v. Douglas, supra.
We refrain from extending the list of authorities. It is apparent that if the principle contended for by the appellee could prevail the gates would be opened and the courts inundated by a flood of unrelated cases, upon the insufficient ground of their origin in a common tort or disaster, — never significant when standing alone.
"Two or more persons injured by the same wrongful act must sue separately since each injury has a separate cause of action." McIntosh, N.C. Practice and Procedure, sec. 213, p. 13; Harper v. Pinkston, 112 N.C. 293,17 S.E. 161; Eller v. Carolina N.W. R. R., 140 N.C. 140,52 S.E. 305.
In Insurance Co. v. Motor Lines, 225 N.C. 588, 590, 35 S.E.2d 879,Mr. Justice Barnhill says for the Court, "When property upon which there is insurance is damaged or destroyed by the negligent action of another, the right of action accruing to the injured party is for an indivisible wrong — and a single wrong gives rise to a single indivisible cause of action. Powell v. Water Co., 171 N.C. 290, 88 S.E. 426; 1 Am. Jur. 493. The whole claim must be adjudicated in one action."
It may be noted that in the present action it does not appear that the plaintiff has been paid for his loss by any insurance company or has any such company been subrogated to his rights.
The remedy of a person brought into the suit upon a compulsory order is to have his name stricken out; Winders v. Southerland, 174 N.C. 235,93 S.E. 726; Worth v. Trust Co., 152 N.C. 242, 67 S.E. 590; Bank v. Gahagan,210 N.C. 464, 187 S.E. 580.
Under the authorities cited it is the opinion of this Court that the additional parties brought in under the motion of the answering defendant should be stricken from the record, and it is so ordered.
There remains the question of striking out in its entirety the so-called cross-action of the answering defendant. Regarded as the basis for the motion to make additional parties, it has served its purpose of having that motion considered successfully in the court below and again dealt with on this appeal. From the conclusion reached on review the matter set up in the cross-action is not relevant to any issue which might be *Page 406 
raised by the original plea; and while the irrelevancy alone is a sufficient cause for striking, without the necessity of apparent prejudice, we think the allegations are not free from objection in the latter respect. The cross-action should have been stricken out, and it is so ordered.
Summarizing our conclusions: The second further defense is stricken from the record together with the prayers for relief relating thereto and to the cross-action. The order making the named insurance companies new parties is disapproved and reversed; and they are stricken from the record as parties to the case.
The cause is remanded to Vance Superior Court for judgment in accordance with this opinion.
Reversed.