BEULAH LAWING, AS GUARDIAN FOR HER TWO MINOR CHILDREN, VIZ.: JOHN LAWING AND DAN LAWING, AND ALSO IN HER INDIVIDUAL RIGHT, AND KARL LANDER LAWING AND AGNES LANDER LAWING, IN THEIR INDIVIDUAL RIGHTS, v. A. C. WHEELER AND WIFE, VIRGINIA WHEELER.

(Filed 18 October, 1950.)

**1. Pleadings § 10—**

One defendant may not set up a cross action for alleged injury suffered by her codefendant.

**2. Same—**

In an action in ejectment and to recover damages for breach of lease contract, defendant may not set up a cross action for slander of his title, since such cross action is based upon a separate, independent tort.

APPEAL by defendants from *Bobbitt, J.,* July Term, 1950, LINCOLN.

Civil action in ejectment and to recover damages for breach of lease contract, heard on demurrers to the separate cross actions pleaded by defendants.

Plaintiffs allege a lease to defendant A. C. Wheeler of certain hotel property and breach thereof by said defendant in three respects: (1) failure to pay the stipulated rent; (2) failure to paint and repair the buildings; and (3) the subletting of portions of the building to defendant Virginia Wheeler and others, in violation of the terms of the agreement. They join Mrs. Wheeler as codefendant on the allegation that she has subleased and is now in possession of a part of the property. They pray possession of the buildings and damages for the breach of the contract.

Defendant Virginia Wheeler denies that she is a sublessee and pleads an alleged cross action for slander of the title of defendant A. C. Wheeler "with reckless disregard of the co-defendant, A. C. Wheeler's rights."

Defendant A. C. Wheeler likewise pleads the same cross action in substantially identical language.

Plaintiffs filed a demurrer to each cross action for that (1) such cross action fails to state a cause of action; and (2) even if a cause of action is stated, it is not germane to the plaintiffs' cause of action and is not pleadable in this action. Each demurrer was sustained and defendants appealed.

*A. L. Quickel and M. T. Leatherman for plaintiff appellees.*
*Childs & Childs for defendant appellants.*

BARNHILL, J. An inspection of the record renders it quite apparent that the further answer of defendant Virginia Wheeler fails to state a

cause of action. She denies that she claims any rights under the lease contract. She does not assert the falsity of the statements alleged to have been made by plaintiffs or that they adversely affected any rights she possesses, but that they were uttered in derogation of the rights and to the hurt of defendant A. C. Wheeler. She may not recover for any injury suffered by her codefendant.

While the cross action of defendant A. C. Wheeler is likewise materially defective, we may concede, without deciding, that it is sufficient to state a cause of action. Even so, it is bottomed on a separate, independent tort. It may not be pleaded as a counterclaim in this action. *Hancammon v. Carr,* 229 N.C. 52, 47 S.E. 2d 614, and cases cited; *Wingler v. Miller,* 221 N.C. 137, 19 S.E. 2d 247.

The subject is fully discussed in the *Hancammon case.* What is said there is pertinent here. Mere repetition of the same principles of law will serve no useful purpose. Suffice it to say that the tort this defendant attempts to allege does not constitute a cause of action pleadable by way of cross action to plaintiffs' action founded on alleged breach of contract.

The judgment is

Affirmed.