CORRINE R. FREDERICK v. SOUTHERN FIDELITY MUTUAL INSURANCE COMPANY.

(Filed 5 June, 1942.)

**1. Courts § 14—**

An action to recover money paid under mutual mistake of fact is governed by the substantive law of the State in which the cause of action arose while the adjective or procedural law is to be determined by the laws of the state of the forum.

**2. Money Received § 1—**

The courts of South Carolina recognize the right of equitable relief to a party who has suffered injury or loss by reason of mutual mistake of fact.

**3. Pleadings § 16b—**

Where there is only one party, a demurrer for defect of parties can raise only the question of the plaintiff's right to sue in the capacity in which she states her cause of action.

**4. Pleadings § 16a—Complaint held to state only one cause of action, and demurrer for misjoinder is bad.**

A complaint alleging that plaintiff as executrix paid a claim against the estate out of funds which she and claimant mistakenly thought were a part of the assets of the estate, that in a suit by the party rightly entitled to the funds judgment was recovered and plaintiff individually was required to refund said moneys, the estate being insolvent, and that plaintiff is entitled to recover of the claimant the amount paid to him under the mutual mistake of fact, *is held* to state but one cause of action, and defendant's demurrer thereto on the ground of misjoinder of causes is properly overruled.

**5. Money Received § 1: Executors and Administrators § 15e: Subrogation § 1—Complaint held to state cause of action in equitable subrogation.**

Plaintiff alleged that defendant filed a claim against the estate of her testator to recover for loss sustained by defendant upon a fidelity bond executed for testator, that plaintiff, mistakenly thinking that funds in a certain bank deposit belonged to the estate of her testator, paid defendant's claim therefrom, that defendant knew the source of the payment, that there was a mutual mistake of fact in the belief that the said funds belonged to the estate, that thereafter the person rightfully entitled to said funds sued and recovered judgment therefor, that the estate being

solvent, plaintiff in her individual capacity was required to restore said funds, and that defendant's claim against the estate would not have been paid except for the alleged mutual mistake of fact, since there were insufficient funds belonging to the estate with which to pay defendant's claim. *Held:* Under the laws of South Carolina, in which the cause of action arose, the complaint states a cause of action for equitable subrogation in favor of plaintiff in her individual capacity, since it alleged that plaintiff paid defendant's claim from funds which the parties mutually thought belonged to the estate, and that plaintiff personally restored the funds to the person rightfully entitled thereto, and upon the facts alleged plaintiff was not a volunteer but was secondarily liable to the person rightfully entitled to the funds and no injustice will be done to defendant by requiring restitution.

**6. Pleadings § 20—**

Upon demurrer, the allegations of the complaint must be deemed true, and construed in the light most favorable to plaintiff.

APPEAL by defendant from judgment of *Williams, J.,* overruling demurrer at October Term, 1941, of DURHAM. Affirmed.

*Hedrick & Hall for plaintiff, appellee.*
*Marshall T. Spears and C. O. Pearson for defendant, appellant.*

SCHENCK, J. The allegations of the complaint, as amended, were substantially that the plaintiff on or about 15 September, 1938, was duly appointed and qualified as executrix of the estate of her late husband, N. J. Frederick, in the probate court of Richland County, South Carolina; that the defendant is a North Carolina corporation, engaged in writing fiduciary bonds, with its principal office in Durham, North Carolina; that soon after her qualification as such executrix, the plaintiff discovered a checking account in the Victory Savings Bank of Greenwood, South Carolina, in the amount of $3,030.87, in the name of N. J. Frederick, Attorney, which she was then advised and believed belonged to the estate of her testator; that after the discovery by the plaintiff of said checking account in the Victory Savings Bank, the defendant, Southern Fidelity Mutual Insurance Company, filed a claim with the plaintiff, as executrix as aforesaid, for $2,500.00 for indemnity against said estate by reason of the alleged payment of said amount on certain indemnity and/or surety bonds executed for said Frederick by said defendant; that at the time the defendant filed its claim with the plaintiff, as executrix as aforesaid, she understood that the estate of her testator, N. J. Frederick, had funds in hand, including the said $3,030.87, with which to pay, or partially pay, the claim filed by the defendant; that the defendant, at the time it filed its claim, also understood that the $3,030.87 was part of the funds constituting the personal estate of N. J.

Frederick; and also at said time the Victory Savings Bank understood that the said $3,030.87 belonged to the personal estate of said Frederick, and was subject to withdrawal by the plaintiff as executrix thereof; that the plaintiff, as executrix as aforesaid, recognized the claim of the defendant, Southern Fidelity Mutual Insurance Company, for $2,500.00, together with other claims filed against the estate of her testator, and in the course of the administration of the estate paid out of said sum of $3,030.87 to the defendant the sum of $1,025.00, which would have been the amount to which the defendant would have been entitled had the first mentioned sum belonged to said estate; that after the disbursement of the said $3,030.87, by the plaintiff, as executrix as aforesaid, in the course of the administration of said estate, the plaintiff was informed that said sum was not the personal fund of her testator, but belonged to the estate of the late C. H. S. Henderson, of which her testator, N. J. Frederick, was executor and had been held by him only in his fiduciary capacity, for which his estate was liable to the Bank of Greenwood as administrator *d. b. n., c. t. a.,* of the estate of C. H. S. Henderson, deceased; that the facts with respect to the ownership of said sum of $3,030.87, at the time of its disbursement, were not known to the plaintiff, either individually or as executrix, and were likewise unknown to the defendant, the Southern Fidelity Mutual Insurance Company, which received $1,025.00 of it, and to the Victory Savings Bank, which permitted the plaintiff, as executrix, to withdraw the same from its bank for the purpose of paying claims against the estate of N. J. Frederick, deceased; and that the sum of $1,025.00 was paid to the defendant "as a result of the *mutual mistake of fact* of this plaintiff, individually and as executrix, of the defendant, Southern Fidelity Mutual Insurance Company, and of the said Victory Savings Bank, . . . the said sum of $1,025.00 being in fact the property of the Bank of Greenwood as Administrator *d. b. n., c. t. a.,* of C. H. S. Henderson, deceased, and that said sum would not have been disbursed . . . but for the *mutual mistake of facts*"; that the plaintiff was the wife of N. J. Frederick, deceased, who was a practicing attorney, but she knew nothing of his relationships with his clients and was ignorant of his personal and professional affairs; that subsequent to the disbursement by her, as executrix as aforesaid, of the said sum of $3,030.87, she discovered that said sum was a balance in the Bank of Greenwood belonging to the estate of C. H. S. Henderson, deceased, of which her late husband was executor, after he, the late N. J. Frederick, had taken large sums therefrom with which to purchase various properties for his own use; that after the discovery by her of the mistake she had made in disbursing funds not belonging to the estate of her testator, which mistake was participated in by the defendant, Southern Fidelity Mutual Insurance Company, she, as an individual and as

executrix, undertook to make restitution to the estate of C. H. S. Henderson of the funds which had been improperly used by N. J. Frederick, the late executor thereof, and as executrix of the said N. J. Frederick she obtained possession of properties acquired by him with funds belonging to the estate of his testator and returned them to the Bank of Greenwood, administrator *d. b. n., c. t. a.,* of the estate of C. H. S. Henderson, and after doing this there was still due said estate $3,660.50, and this plaintiff individually paid said sum to the said bank as administrator as aforesaid, "whereupon she was duly and legally individually subrogated to the rights of the Bank of Greenwood, administrator *d. b. n., c. t. a.,* of C. H. S. Henderson, deceased, which said subrogation is evidenced by an assignment of said claim of the Bank of Greenwood, administrator *d. b. n., c. t. a.,* of C. H. S. Henderson, deceased, against the said fund of $3,030.87, which embraced the sum of $1,025.00 erroneously received by the defendant, Southern Fidelity Mutual Insurance Company, and this plaintiff, individually, now holds a valid claim for the recovery from the defendant, Southern Fidelity Mutual Insurance Company, of said sum of $1,025.00"; that the estate of N. J. Frederick was insolvent, and but for the erroneous use of the said deposit of $3,030.87, which sum has been restored by the plaintiff in her individual capacity, the defendant would have received nothing on its claim against the estate of N. J. Frederick; that the disbursement of the said sum of $3,030.87, made by the plaintiff as executrix, having been made under a mistaken apprehension of the facts, and the said $1,025.00 having been received by the defendant under the mistaken impression that the $3,030.87, out of which it was paid, was available for the payment of the debts of N. J. Frederick, deceased, the defendant in a court of equity, should be required to return said sum of $1,025.00 to this plaintiff; that the Bank of Greenwood, as administrator *d. b. n., c. t. a.,* of the estate of C. H. S. Henderson, brought action in the Court of Common Pleas of Richland County, South Carolina, a court of competent jurisdiction, against the plaintiff, Corrine R. Frederick, individually and executrix, the Victory Savings Bank and others, seeking judgment against the plaintiff, individually and as executrix, and the Victory Savings Bank, on account of the use of the said fund of $3,030.87 in the administration of the estate of N. J. Frederick, in which action this plaintiff, Corrine R. Frederick, was required to reimburse the Bank of Greenwood, administrator as aforesaid, for the said sum of $3,030.87, which she "through mutual mistake . . . had erroneously used in the administration of the estate of N. J. Frederick, . . ."; that the plaintiff, Corrine R. Frederick, has made demand upon the defendant, Southern Fidelity Mutual Insurance Company, for restitution of the said $1,025.00, but said defendant has failed and refused to so reimburse the plaintiff. The plaintiff, Corrine R.

Frederick, prays in her complaint that the court, in its equitable juris-diction, annul and set aside the payment of $1,025.00 made by her to the defendant, Southern Fidelity Mutual Insurance Company, and that the plaintiff have and recover of the defendant said sum.

The facts alleged having transpired in the State of South Carolina, the laws of that State are applicable to the action, except the adjective or procedural law involved, *Howard v. Howard,* 200 N. C., 574, 158 S. E., 101, and cases there cited.

The law of South Carolina recognizes the right of equitable relief to a party who has suffered injury or loss by reason of mutual mistake of fact. *Turner v. Washington Realty Company,* 128 S. C., 271, 122 S. E., 768; *Williams v. Muehlberger,* 165 S. C., 137, 163 S. E., 125. Mutual mistake of fact is clearly alleged in the complaint assailed by demurrer in the case at bar.

The defendant as a first ground of demurrer to the complaint contends that there is a defect of parties plaintiff therein. This contention is untenable for the reason that there is only one party plaintiff, and this ground of demurrer, if it presents any question at all, can only present the question as to whether the complaint states facts sufficient to consti-tute a cause of action for the plaintiff in her individual capacity, in which capacity she sues. This question will be discussed later.

The defendant as a second ground of demurrer to the complaint con-tends that several causes of action have been improperly joined therein. This contention is untenable for the reason that only one cause of action is alleged, or attempted to be alleged, namely: the right of the plaintiff, in her individual capacity, to recover for money paid out by her as execu-trix to the defendant, by reason of the mutual mistake of fact of herself, individually and as executrix, and of the defendant, and subsequently repaid by her individually to the rightful owner thereof.

The defendant as a third ground of demurrer to the complaint con-tends that it fails to state facts sufficient to constitute a cause of action for subrogation in the plaintiff, as an individual, of any cause of action existing against the defendant in favor of the Bank of Greenwood, as administrator *d. b. n., c. t. a.,* of the estate of C. H. S. Henderson—that some, at least, of the essential elements of the right of subrogation are lacking from the allegations of the complaint.

First, it cannot be gainsaid that a cause of action is alleged to have existed in favor of the Bank of Greenwood, as administrator *d. b. n., c. t. a.,* of the estate of C. H. S. Henderson against the defendant, the Southern Fidelity Mutual Insurance Company, since it is clearly alleged that funds belonging to it were wrongfully paid by the bank wherein they were deposited to the plaintiff as executrix of N. J. Frederick, and by the plaintiff, through mutual mistake, were paid to the defendant, and

that the defendant knew at the time of the payment to it of the source from which the payment was made.

Both defendant and plaintiff, in their respective briefs, cite *Dunn v. Chapman,* 149 S. C., 163, 146 S. E., 818, to sustain their adverse contentions as to whether the complaint does or does not state a good cause of action in the plaintiff individually bottomed on the right of subrogation in the plaintiff. The quotation from this case made in both briefs is as follows: ". . . the essential elements of the right of subrogation are: (1) That the party claiming it has paid the debt; (2) that he was not a volunteer, but had a direct interest in the discharge of the debt or lien; (3) that he was secondarily liable for the debt or for the discharge of the lien; (4) that no injustice will be done to the other party by the allowance of the equity."

Applying *seriatim* the essential elements enunciated in the rule as to the right of subrogation to the facts alleged in the complaint, we are first confronted with the question: Has the party claiming, the plaintiff in her individual capacity, paid the debt? The answer is in the affirmative, the allegation as to this fact being clear and without reservation. The second question posed is: Was the plaintiff not a volunteer, and did she have a direct interest in the discharge of the debt? The answer is again in the affirmative. If she had not paid the Bank of Greenwood, administrator *d. b. n., c. t. a.,* of the estate of C. H. S. Henderson, she, in her individual capacity, could have been compelled so to do, since the estate of her testator was insolvent and could not have been made to respond—the mistake under which the money was erroneously paid to the defendant being made by her in her capacity as executrix, in such capacity she was first liable, and was secondly liable in her individual capacity. The third question posed is: Was the plaintiff secondarily liable for the debt she paid? The answer is still in the affirmative. The primary liability for the debt was that of Corrine R. Frederick in her capacity as executrix of N. J. Frederick, the secondary liability for the debt was that of the plaintiff, Corrine R. Frederick, individually. The fourth question posed is: Would no injustice be done to the defendant, Southern Fidelity Mutual Insurance Company, by allowing the plaintiff, Corrine R. Frederick, the right of subrogation? The answer is definitely again in the affirmative. The defendant has, according to the allegations of the complaint, received, through mutual mistake of plaintiff and defendant, $1,025.00 from the executrix of an estate against which it had a claim, from funds which did not belong to said estate, and which the executrix in her personal capacity has been compelled to refund to its rightful owner. Certainly there will be no injustice done the defendant, who allegedly received the payment through mistake, by allowing the plaintiff who made the payment through the same alleged mistake, to recover of the defendant the payment so received and made.

We are of the opinion that the essential elements of the right of subrogation in the plaintiff have been alleged in the complaint, and since on demurrer such allegations must be deemed true, and construed in the light most favorable to the plaintiff, *Andrews v. Oil Co.,* 204 N. C., 268, 168 S. E., 228, we conclude that the judgment of the Superior Court overruling the demurrer should be affirmed. It is so ordered.

Affirmed.