G. A. FOOTE, G. S. FOOTE, C. C. HAYES AND R. C. OWEN, TRADING AND DOING BUSINESS AS FOOTE BROS. & COMPANY; AND GUGGENHIME & COMPANY, DRIED FRUIT DIVISION OF HUNT FOODS, INC., v. C. W. DAVIS & CO., INC.

(Filed 11 May, 1949.)

**Pleadings § 19b: Sales § 22—**

> Plaintiff instituted action to recover for breach of contract by defendant to purchase a shipment of prunes. Upon defendant's allegation that plaintiff was merely broker, a third party was brought in on plaintiff's motion, which third party alleged that it was vendor and entitled to recover against defendant for breach of the contract. *Held:* Defendant's demurrer for misjoinder of parties and causes should have been sustained, since defendant was confronted with two parties plaintiff each of which asserted that it was the vendor, and the validity of the claim of either one of them against defendant would render the claim of the other untenable.

APPEAL by defendant from *Burney, J.,* December Term, 1948, NEW HANOVER.

Civil action to recover damages for breach of contract to purchase a shipment of prunes.

Plaintiff Foote Bros. & Company alleges that defendant, on 28 August 1946, placed with it an order for one hundred cases of prunes to be shipped from California to Norfolk and thence to Wilmington; that it purchased the prunes and had them shipped to Norfolk where they were held until after January 1 at defendant's request; that later the prunes were shipped to defendant at Wilmington, but the shipment was refused. It instituted this action to recover damages for the breach of said contract.

The defendant, answering, alleged in part that it dealt with Foote Bros. & Company only as agent or broker and that Guggenhime & Company was the vendor and is the real party in interest.

Thereupon, Guggenhime & Company, on motion of counsel for plaintiff, was made party plaintiff. It thereafter filed complaint in which it alleges that defendant placed the order for prunes with Foote Bros. & Company as its agent and that it, through Foote, sold one hundred cases of prunes to defendant, delivery of which was refused. It seeks to recover, in its own right, damages for the alleged breach of contract.

Defendant demurred for misjoinder of parties and causes of action. The demurrer was overruled and defendant appealed.

*Stevens, Burgwin & Mintz for plaintiff appellee.*
*Isaac C. Wright for defendant appellant.*

BARNHILL, J. The record before us presents this situation: Defendant contracted to purchase one hundred cases of prunes but later breached the contract. Plaintiff Foote Bros. & Company asserts that it was the vendor and as such is entitled to damages for the wrongful breach of contract. On the other hand, Guggenhime & Company alleges that it, as vendor, sold the merchandise to defendant through Foote Bros. & Company as agent or broker, and prays that it recover the damages resulting from the defendant's breach of contract.

Thus defendant is faced with two separate and distinct demands. Foote Bros. & Company pleads one contract, Guggenhime another. One is asserted by one plaintiff and one by the other. Each plaintiff says it was the vendor. There is no joint or common interest in the claim asserted. Instead, each contradicts the other. If Foote's claim is well founded, Guggenhime has no interest therein. If Guggenhime was the vendor, such claim as Foote Bros. & Company may have for commissions and other charges is against Guggenhime and not the defendant. If Foote Bros. & Company was the vendor, Guggenhime must look to it for payment.

This presents a clear case of misjoinder of parties and causes of action. Hence the demurrer was well advised. The order overruling the same must be held for error on authority of numerous decisions of this Court, among which the following are in point: *Davis v. Whitehurst,* 229 N.C. 226; *Beam v. Wright,* 222 N.C. 174, 22 S.E. 2d 270; *Wingler v. Miller,* 221 N.C. 137, 19 S.E. 2d 247; *Frederick v. Insurance Co.,* 221 N.C. 409, 20 S.E. 2d 372; *Osborne v. Canton,* 219 N.C. 139, 13 S.E. 2d 265; *Burleson v. Burleson,* 217 N.C. 336, 7 S.E. 2d 706; *Smith v. Land Bank,* 213 N.C. 343, 196 S.E. 481; *Vollers Co. v. Todd,* 212 N.C. 677, 194 S.E. 84.

The new party was not brought in on motion of defendant. It acted voluntarily. Hence, *Grant v. McGraw,* 228 N.C. 745, 46 S.E. 2d 849, is not controlling here.

The judgment below is

Reversed.