AMERICAN AIR FILTER COMPANY, INC., PLAINTIFF, v. GEORGE ROBB, TRADING AS ROBB PLUMBING AND HEATING COMPANY, ORIGINAL DEFENDANT, AND RICHARD K. HUNTER, TRADING AS RICHARD K. HUNTER AND COMPANY, ADDITIONAL DEFENDANT.

(Filed 16 June, 1966.)

**1. Sales § 14a—**

> Where it is admitted that the purchaser is entitled to some sum for authorized changes necessarily made by him to make the equipment purchased conform to the specifications, the purchaser is entitled to a credit therefor against his total liability on the contract.

**2. Principal and Agent § 7—**

> Where the principal discloses the agency and sues on the contract for the balance of the purchase price, the purchaser, as between himself and the principal, is liable only to the principal, and the agent is neither a necessary nor a proper party, but an adjudication of agency as between the principal and the purchaser would not be binding on the alleged agent if the asserted agent is not a party to the action.

**3. Pleadings § 12—**

> A demurrer admits the allegations of the pleading to which it is directed solely for the purposes of the demurrer, and therefore the act of the court in sustaining a demurrer filed by an additional party, joined at the instance of the original defendant, would not preclude the additional party from thereafter instituting action against the original defendant asserting that the amount sued for by plaintiff was due by the original defendant to the additional party rather than to the plaintiff.

**4. Parties § 2—**

> Where defendant is liable to one of two parties in the alternative, so that if he is liable to one he is not liable to the other, and defendant is not sure to which of the parties liability obtains, upon being sued by one he is entitled to join the other as an additional party.

5. **Same; Pleadings § 18; Sales § 12— In action by supplier, purchaser is entitled to joinder of distributor to adjudicate controverted question whether distributor was merely agent.**

The supplier sued the purchaser for the balance due on the purchase price. The purchaser alleged that his contract was solely with the distributor, asserted he was entitled to credits for sums expended to make the equipment conform to the specifications, and had the distributor joined as an additional party. The supplier filed a reply, alleging that the distributor was acting solely as the supplier's agent. The distributor demurred for misjoinder of parties and causes and for failure of the answer to allege cause of action in regard to him. *Held:* The demurrer should have been overruled, the distributor being a necessary party to a final determination of the controversy, since the distributor cannot be bound by any adjudication of liability in the action solely between the purchaser and the supplier, and the purchaser being uncertain as to whether his liability was to the distributor under the contract between them or to the supplier as principal or assignee.

MOORE, J., not sitting.

PLESS, J., took no part in the consideration or decision of this case.

APPEAL by original defendant from *Gambill, J.*, May 17, 1965 Civil Session of GUILFORD (High Point Division), docketed in the Supreme Court as Case No. 684 and argued at the Fall Term 1965.

Plaintiff, American Air Filter Company, Inc., instituted this action to recover of original defendant, George Robb, trading as Robb Plumbing and Heating Company (Robb), the sum of $9,005.31. It alleges that this sum is the balance due on an account of $32,621.79 for heating and ventilating materials which Robb ordered from plaintiff.

Answering the complaint, Robb denied that he ordered the equipment in question from plaintiff and alleged: His contract for the purchase of the materials was in writing, and it was with additional defendant Richard K. Hunter, trading as Richard K. Hunter and Company (Hunter), who agreed to furnish him, for $35,600.00 plus State and Federal taxes, the materials he required to perform a contract he had made with Forsyth County on a school construction project. Thereafter, Hunter ordered these materials from plaintiff, which invoiced and delivered them directly to Robb. Upon Hunter's instructions, Robb paid plaintiff the sum of $23,616.48, and this amount was credited upon his account with Hunter. Robb declined to pay plaintiff the sum for which it sues, because a part of the equipment furnished did not meet the requirements in Robb's contract with Hunter. When Robb determined that the equipment was faulty, he notified Hunter, who notified plaintiff. Both plaintiff and Hunter requested that Robb make the changes necessary to con-

form the equipment to specifications, and he did so at a cost of $8,942.75. He returned other nonconforming equipment in the amount of $299.73. Plaintiff, however, issued a credit memorandum for only $237.17, leaving a credit due defendant of $62.56. The sum of this item and $8,942.75 is $9,005.31, the amount in controversy between plaintiff and Robb.

In a "further answer and counterclaim" and "as a cross complaint," Robb reiterated the preceding allegations and alleged that he had a setoff or recoupment in the amount of $9,005.31 against his liability under his contract with Hunter; that he is unable to determine whether his setoff is against plaintiff or Hunter; that a genuine controversy exists among the three; and that Hunter is a necessary party to a complete determination of the controversy. Upon the filing of this pleading, the Clerk of the Superior Court entered an order making Hunter an additional party defendant and requiring him to answer the pleadings within 30 days.

In due time plaintiff filed a reply to defendant's answer in which it averred: In all his dealings with Robb, Hunter was — as Robb well knew — acting as plaintiff's agent. Robb's only liability, therefore, is to plaintiff. Robb did make some changes in the equipment which plaintiff furnished him, and plaintiff has offered to allow him a reasonable credit on account of such changes. Robb, however, insists on a credit which is grossly excessive and unreasonable. He is not entitled to the credit for which he contends. On the contrary, Robb is indebted to plaintiff in the full amount for which it sues. No genuine controversy exists between defendant and Hunter, who is not a necessary party to a complete determination of this controversy.

Thereafter, Hunter demurred to Robb's further answer, counterclaim, and cross complaint against him for that: (1) in them Robb states no cause of action against him; (2) Robb is entitled to no affirmative relief against him; (3) no actual controversy exists between him and Robb; and (4) there is a misjoinder of parties and causes. Judge Gambill entered an order sustaining Hunter's demurrer, and defendant Robb appeals.

*Schoch, Schoch and Schoch by Arch K. Schoch, Jr., for original defendant appellant.*

*McLendon, Brim, Holderness & Brooks by Hubert Humphrey for Richard K. Hunter & Company, additional defendant appellee.*

SHARP, J. This case is presently in the pleading stage. On the facts as detailed by Robb's "cross complaint" — which we take as

true in passing upon Hunter's demurrer — defendant is entitled to a recoupment in some amount on the contract price of the equipment which he contracted to buy from Hunter and which plaintiff, upon Hunter's order, furnished defendant. Plaintiff alleges the amount is "inconsequential"; Robb avers it is $9,005.31. Whatever the amount, however, defendant is entitled to credit it against his total liability under the contract.

Plaintiff alleges that, in all his dealings with Robb, Hunter acted as its agent. If this be true, Hunter is neither a necessary nor a proper party to the action for, plaintiff having instituted this action and disclosed the agency, defendant would be liable only to plaintiff. *Pontiac Co. v. Norburn*, 230 N.C. 23, 51 S.E. 2d 916; Restatement (Second), Agency § 302 (1958); 3 Am. Jur. 2d, Agency § 322 (1962); 3 C.J.S., Agency § 276(a) (1936). But *plaintiff's allegation* does not establish the agency. At this point in the proceedings Robb does not know whether plaintiff was Hunter's principal, assignee, or supplier, for Hunter is completely silent. Obviously, Hunter is not bound by plaintiff's allegations, and, if this action goes to judgment without Hunter having been made a party to it, an adjudication herein that Hunter was plaintiff's agent would not be *res adjudicata* in a future suit against Robb by Hunter. Without his presence, whatever the outcome of this action, Robb will still be subject to suit by Hunter, who might sue for the difference between the payments which he *authorized* defendant to make to plaintiff and the contract price of $35,600.00 which Robb agreed to pay Hunter. In addition, Hunter could also sue him for any amount which the jury might have allowed Robb as a recoupment against plaintiff's claim of $9,005.31. Furthermore, if the jury should allow Robb no recoupment against plaintiff's claim, and judgment be entered against him for the amount in suit, Hunter would not be precluded from suing Robb for this amount. Hunter's demurrer admits the allegations of Robb's cross complaint against him only for the purpose of testing the sufficiency of the pleading. 3 Strong, N. C. Index, Pleadings § 12 (1960). It admits nothing which would estop Hunter should he hereafter institute an action against Robb. If Hunter were indeed plaintiff's agent, or if he had assigned his contract with Robb to plaintiff, and if he intends to make no demand against Robb, he need only file an answer disclosing the facts and disavowing any claim against him in order to go without day from this action. If, however, Hunter will contend that he acted only for himself in procuring the contract upon which the equipment in question was furnished Robb, the termination of this action without his presence as

a party will leave defendant open to another suit and perhaps double liability.

If Hunter has a claim against defendant, now is the time for him to assert it. If he has none, now is the time for him to say so. Under the circumstances, we can conceive of no legitimate reason why he should be unwilling to do so. To make Hunter a party to this action can prejudice neither him nor plaintiff with respect to any legal right. Not to make him a party will seriously prejudice Robb, for he risks a second suit no matter what the outcome of this one. In addition, he risks double liability. See *Bullard v. Oil Co.*, 254 N.C. 756, 119 S.E. 2d 910. With reference to a similar situation in *Russello v. Mori*, 153 Cal. App. 2d 828, 833, 315 P. 2d 343, 346, the court said: "(W)here there is an issue as to the existence of an agency . . . both the alleged agent and principal may be joined for the purpose of determining their relationship and liability."

It was the purpose of the code system to avoid multiplicity of actions. While *plaintiff's* right under the contract which Hunter made to furnish material to Robb may be finally determined in this action, Robb's total liability cannot be unless Hunter is made a party. In *Conger v. Insurance Co.*, 260 N.C. 112, 131 S.E. 2d 889, the plaintiff alleged that one of two defendants was liable to him, and that if the one were, the other was not. We held that plaintiff could join them alternatively in the same cause of action. If Robb is liable to plaintiff as Hunter's principal, he is not liable to Hunter. In this aspect of the case, we have another situation of mutual exclusiveness, and the rationale of *Conger v. Insurance Co., supra,* is applicable, for there is no sound reason why alternative joinder of defendants should be allowed and alternative joinder of plaintiffs should be denied. G.S. 1-68. Here, of course, Hunter does not seek to join himself as a plaintiff; on the contrary, for some undisclosed reason, he seeks to avoid this litigation entirely. However, Hunter's potential claim against Robb is that of a plaintiff, and defendant Robb seeks to require him to assert it now or waive it. Hunter relies upon *Foote v. Davis & Co.*, 230 N.C. 422, 53 S.E. 2d 311. In that case, two plaintiffs asserted mutually exclusive claims against the defendant. In an opinion which has been the subject of critical comment (see Brandis and Graham, *Permissive Joinder of Parties and Causes in North Carolina*, 34 N.C.L. Rev. 405, 422-23 (1956) and Note, 42 N.C.L. Rev. 242, 245-46 (1963)), the Court dismissed the action for a misjoinder of parties and causes. It pointed out, however, that "the new party was not brought in on motion of defendant." In this case, it is upon defendant Robb's motion that Hunter, a potential plaintiff, was brought in as a new party. Since

*Foote* and the case at bar present different factual situations, no further discussion of that case is presently required.

When a defendant, liable to one of two persons (or perhaps to them both in varying amounts) for goods sold and delivered, is sued by the supplier, common sense dictates that he be allowed to join the seller so that the entire controversy, and his total liability, may be determined in one action. Robb does not seek to make Hunter a party for the purpose of litigating a cross action which is foreign or collateral to plaintiff's claim. Robb's liability to Hunter, if any, arises out of the same transaction, and is connected with the same subject matter, upon which plaintiff bases this action; it involves the identical equipment for which plaintiff seeks to recover. The amount of Robb's recoupment will determine not only his liability on plaintiff's claim, but it will affect his total liability to Hunter on the contract, should Hunter assert thereunder an independent claim against him.

If, when the facts of this case are developed, Robb is liable to both plaintiff and Hunter, his liability to Hunter must be credited with all amounts which he has heretofore paid plaintiff upon Hunter's instructions and which it may be determined he properly expended to make the equipment which plaintiff furnished him upon Hunter's order conform to the contract. Obviously, there cannot be a complete determination of this controversy without the presence of these three parties in the action. There was no misjoinder of either parties or causes.

The order sustaining the demurrer is

Reversed.

MOORE, J., not sitting.

PLESS, J., took no part in the consideration or decision of this case.