SUFFOLK LUMBER COMPANY, INC. v. SALLY MAE EURE WHITE

No. 711DC434

(Filed 14 July 1971)

Laborers' and Materialmen's Liens § 3; Quasi Contracts § 1— materialman's action against owner — insufficiency of complaint

Materialman's complaint failed to state a claim for relief under G.S. Ch. 44A, Art. 2, against the owner of a home for materials furnished in construction of the home where it alleged that the materials were furnished pursuant to an express contract between the materialman and a general contractor.

Lumber Co. v. White

APPEAL by plaintiff from *Walker, District Judge,* 8 March 1971 Session of District Court held in GATES County.

The pertinent portions of plaintiff's complaint are as follows:

"3. That in late 1969 or early 1970, the defendant entered into an implied, entire, and indivisible contract *with the plaintiff, through her general contractor A. L. Everett, Harrellsville, N. C.,* whereby the plaintiff was to furnish to the defendant certain building materials to be used by said A. L. Everett in the construction of a dwelling house upon certain land belonging to the defendant and hereinafter described; that in accordance with said implied contract plaintiff furnished to the defendant certain building materials for which the defendant agreed to pay the sum of FOUR THOUSAND FOUR HUNDRED NINETEEN AND 68/100 ($4,419.68) DOLLARS as per itemized statement attached hereto and marked "Exhibit A," that said materials were furnished to the defendant between April 28, 1970 and July 6, 1970. [Emphasis ours.]

"4. That said materials were furnished for and used in the construction of a dwelling house upon a certain parcel of land in . . . [followed by description] . . . . "

"5. That the defendant has failed, neglected and refused to pay for said materials that pursuant to General Statutes, Section 44A-7 *et seq.,* the plaintiff filed notice of him [*sic*] in the office of the Clerk of Superior Court of Gates County on September 1, 1970, said notice of him [*sic*] being recorded in Lien Docket 1, page 150; that a copy of said notice of lien is attached hereto as 'Exhibit B' . . . .

"6. That there is now due the plaintiff by the defendant the sum of FOUR THOUSAND FOUR HUNDRED NINETEEN AND 68/100 ($4,419.68) DOLLARS, with interest thereon from July 7, 1970, until paid, and for the costs of this action."

The "notice of lien" incorporated in paragraph 5 of the complaint contains, among other things, the following:

"4. The name and address of the person *with whom the claimant contracted* [Emphasis ours.] for the furnishing of materials is:

A. L. Everett

General Contractor

Harrellsville, N. C."

Defendant's motion to dismiss for failure to state a claim upon which relief could be granted was allowed. Plaintiff appealed.

*Revelle and Burleson by L. Frank Burleson, Jr., for plaintiff appellant.*

*No brief filed for defendant appellee.*

VAUGHN, Judge.

Plaintiff concedes that it has stated no claim under Article 2 of Chapter 44 of the General Statutes entitled "Subcontractors, etc., Liens and Rights against Owners." It attempts to proceed under Article 2 of Chapter 44A which is entitled "Statutory Liens on Real Property. Liens of Mechanics, Laborers and Materialmen Dealing with Owner." Plaintiff affirmatively alleges, however, that the material which was used in construction of defendant's dwelling was furnished pursuant to an express contract between the plaintiff and A. L. Everett, General Contractor. It is well established where there is a contract between persons for the furnishing of services or goods to a third, the latter is not liable on an implied contract simply because he has received such services or goods. *Concrete Co. v. Lumber Co.*, 256 N.C. 709, 124 S.E. 2d 905. Plaintiff's argument that Chapter 44A provides an exception to this principle is without merit. In his complaint plaintiff has, therefore, failed to state a claim upon which relief could be granted and the same was properly dismissed.

Affirmed.

Judges BROCK and GRAHAM concur.