J. F. WILKERSON CONTRACTING COMPANY, INC. v. R. T. ROWLAND AND WIFE, IMA JEAN ROWLAND, J. H. PEARSON, TRUSTEE FOR THE NORTHWESTERN BANK AND THE NORTHWESTERN BANK

No. 7610SC53

(Filed 16 June 1976)

1. Pleadings § 38— judgment on pleadings — findings of fact

The court is not required to find facts in a judgment on the pleadings since the facts determining disposition are those alleged in the pleadings; and the court cannot select some of the alleged facts as a basis for granting judgment on the pleadings if other allegations, together with the selected facts, establish material issues of fact.

2. **Contracts § 17; Laborers' and Materialmen's Liens § 2— breach of oral contract — delay of work — subsequent written contract — priority of lien for labor and materials**

Where plaintiff's complaint shows that it elected to delay work under a June 1973 oral contract when defendant breached the oral contract by failing to execute with his wife a written contract and by failing to make periodic payments within a reasonable time, but that it did not terminate and abandon the contract, and that plaintiff completed the work after a written contract dated 27 November 1973 was executed on 1 January 1974, the trial court erred in concluding that the oral contract was a separate and independent contract from the written contract, that plaintiff's claim for labor and materials furnished under the oral contract was not filed within 120 days, that labor and materials furnished under the written contract of 27 November did not precede the date of a bank's deed of trust recorded on 2 October 1973, and that judgment on the pleadings should be rendered for defendant bank in plaintiff's action to have its claim for labor and materials given a priority from 27 June 1973, the date labor and materials were first furnished under the oral contract.

3. **Husband and Wife § 3; Laborers' and Materialmen's Liens § 2— contract by husband — agency of husband for wife — ratification by written contract by both spouses**

Plaintiff's complaint was sufficient to support an inference that the male defendant was the agent for his wife in making an oral contract with plaintiff where it alleged that a written contract was subsequently executed by both the male defendant and his wife.

APPEAL by plaintiff from *Bailey, Judge*. Judgment entered 8 September 1975, Superior Court, WAKE County. Heard in the Court of Appeals 6 May 1976.

The trial court granted the motion for judgment on the pleadings under G.S. 1A-1, Rule 12 (c) made by defendants J. H. Pearson, Trustee, and The Northwestern Bank, concluding that the deed of trust (Exhibit "B") executed by defendants Rowland, dated 2 October 1973 and recorded in Book 2194, page 67, Wake County Registry, has a priority over plaintiff's claim of lien for labor and materials furnished filed 14 May 1974, seeking to perfect such lien with priority from 27 June 1973.

In its complaint plaintiff alleges that plaintiff and defendant Rowland, who owned a tract of land near Cary in Wake County, entered into a written contract (Exhibit "A"), on 27 November 1973 whereby plaintiff agreed to install water and sewer systems on said defendants' land; that plaintiff began furnishing labor and materials on 27 June 1973 and completed the work on 17 January 1974, and that there is a balance due by defendants Rowland under the contract of $15,773.10.

Plaintiff prays for recovery of said sum and for judgment lien relating back to 27 June 1973, with priority over the aforesaid deed of trust filed on 2 October 1973.

In her answer defendant Ima Jean Rowland denied the execution of the contract (Exhibit "A") and admitted the execution of the recorded deed of trust (Exhibit "B").

Defendant R. T. Rowland filed answer and counterclaim, and defendants Trustee and Bank filed a joint answer and crossclaim. Both answers admitted the execution of the written contract (Exhibit "A") and the recorded deed of trust (Exhibit "B"). These answering defendants allege an abandonment of the original contract on 3 August 1973, followed by a new and independent contract. Since the judgment on the pleadings is based primarily on plaintiff's pleadings, we do not elect to further summarize these pleadings.

In his reply plaintiff admitted an oral agreement with defendant Rowland on 18 June 1973, that said defendant agreed to make periodic payments and to execute with his wife a written contract; that said defendant failed to make the periodic payments and to execute with his wife a written contract, and that plaintiff stopped work on the project until said defendant complied, and that when said defendant did comply by executing with his wife the written contract and by making the escrow deposit, the plaintiff resumed work, which was completed on 17 January 1974.

Plaintiff appeals from the judgment on the pleadings.

*Manning, Fulton & Skinner by Lawrence W. Hill, Jr., for plaintiff appellant.*

*Poyner, Geraghty, Hartsfield & Townsend by John L. Shaw and Cecil W. Harrison, Jr., for defendant appellees, J. H. Pearson, Trustee for the Northwestern Bank and Northwestern Bank.*

CLARK, Judge.

The judgment on the pleadings disposed of fewer than all the claims, but this appeal is not subject to dismissal under G.S. 1A-1, Rule 54(b) since the trial court in the judgment found "no just reason for delay."

[1]   In its judgment on the pleadings the trial court made find-
ings of fact and conclusions of law. The court is not required
to find facts in a judgment on the pleadings since the facts
determining disposition are those alleged in the pleadings; and
the court cannot select some of the alleged facts as a basis for
granting the motion on the pleadings if other allegations, to-
gether with the selected facts, establish material issues of fact.
"A motion for judgment on the pleadings pursuant to G.S. 1A-1,
Rule 12(c) should not be granted unless 'the movant clearly
establishes that no material issue of fact remains to be resolved
and that he is entitled to judgment as a matter of law.'" *Trust
Co. v. Elzey,* 26 N.C. App. 29, 32, 214 S.E. 2d 800, 802 (1975).
See *Ragsdale v. Kennedy,* 286 N.C. 130, 209 S.E. 2d 494 (1974).

The findings of fact and conclusions of law in the judg-
ment appealed from do disclose the basis for the ruling of the
court, which concluded in part as follows:

"1. The June, 1973 oral contract was a separate and
independent contract from the written contract dated No-
vember 27, 1973 and executed on January 1, 1974.

2. The June, 1973 oral contract was terminated upon
breach of the contract in August, 1973."

Having so found, the trial court further concluded that
plaintiff's claim of lien for labor and materials furnished un-
der the oral contract was not filed within 120 days as required
by G.S. 44A-12(b) ; and that the labor and materials furnished
under the written contract of 27 November 1973 did not pre-
cede the date of the Bank deed of trust dated and recorded 2
October 1973.

[2]   The movants take the position that though plaintiff at-
tempts to allege the furnishing of work and materials under
a single contract with defendants Rowland, its pleadings estab-
lish two distinct and separate contracts as a matter of law, in
that (1) the first oral contract was terminated on 3 August
when plaintiff stopped work upon its breach by defendant R. T.
Rowland, and (2) since plaintiff does not allege that defendant
R. T. Rowland was also the agent of his wife in making the oral
contract, the written contract executed by both of said defend-
ants was a substitution for and independent of the oral contract.

The plaintiff alleged that when defendant R. T. Rowland
breached the oral contract by failing to execute with his wife

the written contract and by failing to make periodic payments within a reasonable time, it elected to delay the work until said defendant complied. If one or more installments provided for in a building contract are not paid, the builder will generally be privileged to suspend performance. 3A Corbin, Contracts, § 693 (Rev. Ed. 1960). "Although a builder may be privileged to suspend work, or even to renounce the contract, by reason of the non-payment of an installment, he is not required by the law to do either one." 3A Corbin, *supra*, § 692.

In the case before us plaintiff, as it had the right to do, elected to delay, but not abandon and terminate its work under the contract, and in so doing the contract was not terminated.

[3] The plaintiff does not specifically allege that in making the oral contract the defendant R. T. Rowland was also the agent for his wife Ima Jean Rowland, but we find the allegations sufficient to imply such agency. In *Marks v. McLeod,* 203 N.C. 257, 165 S.E. 693 (1932), the defendant-husband signed a contract to sell timber to plaintiff. Title to the timber was vested in his wife. Subsequently, both husband and wife executed a timber deed. It was held "that the husband was acting as agent of his wife in signing the contract or sale may be presumed from the subsequent ratification of the deed in accordance with the prior agreement."

Whether the written contract executed by defendants Rowland was a ratification of or a substitution for the oral contract made by defendant R. T. Rowland is a mixed question of fact and law which is not determined by the pleadings in this case.

Having carefully scrutinized the motion for judgment on the pleadings, we find that movants have failed to show that no material issue of fact exists and that they are clearly entitled to judgment.

The judgment is

Reversed and this cause remanded.

Chief Judge BROCK and Judge HEDRICK concur.