G & S BUSINESS SERVICES, INC. D/B/A AMERICAN SPEEDY PRINTING CENTERS OF RALEIGH v. FAST FARE, INC. AND JERRY HILL

No. 8810DC875

(Filed 5 July 1989)

1. **Rules of Civil Procedure § 56.4 — summary judgment — failure to submit opposing materials**

The trial court properly granted summary judgment dismissing plaintiff's claim against the individual defendant for advertising materials furnished for the corporate defendant where plaintiff failed to submit affidavits or other materials opposing the individual defendant's affidavit establishing that he was a mere employee and not liable on any obligation of defendant corporation. Plaintiff's failure to respond to defendants' summary judgment motion was not excused by plaintiff's contention that it was unable through several telephone contacts to get any information from the corporate defendant concerning the individual defendant's title or position with

G & S BUSINESS SERVICES v. FAST FARE, INC.

[94 N.C. App. 483 (1989)]

the company, since defendant should have utilized the provisions of Rule 56(f) to obtain such information.

**2. Quasi Contracts and Restitution § 2— allegation of express contract—no claim for quantum meruit**

Even if a marketing company was the corporate defendant's agent in contracting with plaintiff for advertising materials to be used in an advertising campaign for the corporate defendant, plaintiff's allegation of an express contract with the marketing company barred its claim for quantum meruit against the corporate defendant.

**3. Rules of Civil Procedure § 19— action for advertising materials—marketing company as necessary party**

A marketing company was a necessary party to plaintiff's action to recover for advertising materials furnished for the benefit of the corporate defendant, notwithstanding plaintiff alleged that the marketing company was the corporate defendant's agent, since plaintiff's mere allegations are not binding, and depending on the marketing company's status as agent or third party, a fact finder could establish that the marketing company, the corporate defendant, both or neither are liable to plaintiff for the advertising materials.

**4. Rules of Civil Procedure § 21— joinder of necessary party not permitted by bankruptcy court—dismissal without prejudice—reinstitution of claim at conclusion of bankruptcy**

The trial court properly dismissed a claim without prejudice under Rule 12(b)(7) when plaintiff failed to secure a bankruptcy court's permission to join a necessary party which had declared bankruptcy. The claim may be raised again once the necessary party can be joined upon the conclusion of the bankruptcy proceeding.

**5. Rules of Civil Procedure § 52.1— failure to state claim—failure to join necessary party—findings unnecessary to support dismissal order**

The trial court was not required by Rule 52(a)(2) to make findings of fact and conclusions of law supporting its dismissal of one of plaintiff's claims for failure to state a claim for relief or its dismissal of plaintiff's second claim for failure to join a necessary party.

APPEAL by plaintiff from *Hamilton (Joyce A.), Judge.* Order entered 19 April 1988 in District Court, WAKE County. Heard in the Court of Appeals 15 March 1989.

*David H. Rogers· for plaintiff-appellant.*

*Smith, Debnam, Hibbert & Pahl, by Bettie Kelley Sousa and Elizabeth B. Godfrey, for defendant-appellees.*

GREENE, Judge.

This appeal arises from plaintiff's action against defendants Fast Fare, Inc. and Jerry Hill for non-payment of an account for services and materials. Plaintiff alleged that defendant Hill was believed to be a proprietor of a Fast Fare convenience store or a manager or director of Fast Fare, Inc. Plaintiff alleged that it had contracted with Three M Marketing and Media Merchandising Inc. ("Three M") as defendants' agent to supply services and materials for an advertising campaign for Fast Fare. Plaintiff also alleged a claim for *quantum meruit* against defendants based on its allegations that it rendered services which were accepted by defendants under circumstances which reasonably notified defendants that plaintiff expected payment. In response, defendants moved under Rule 12(b)(6) to dismiss plaintiff's complaint for failure to state a claim and also moved to dismiss the complaint under Rule 12(b)(7) for failure to join Three M in the action. Defendants filed the affidavit of defendant Hill in connection with their motions to dismiss.

On 20 January 1987, the trial court entered an order dismissing plaintiff's *quantum meruit* claim under Rule 12(b)(6) but refusing to dismiss plaintiff's claim against Fast Fare arising from its dealings with Fast Fare's alleged agent, Three M. The court's order also held defendants' motion as to defendant Hill had been converted into a motion for summary judgment and, based on the summary judgment materials, dismissed the claims against Hill. Finally, the trial court held Three M was a necessary party to the action such that failure to join Three M would result in the dismissal of plaintiff's complaint. Accordingly, the trial court granted a continuance so that plaintiff could attempt to join Three M which had filed for protection under the bankruptcy laws. Plaintiff's appeal from this January 1987 order was dismissed by this court as a non-appealable interlocutory order.

After plaintiff failed to secure the bankruptcy court's permission to join Three M, defendants filed a motion dated 16 December

1987 requesting the trial court dismiss the action for failure to join Three M. On 19 April 1988, the trial court entered an order dismissing plaintiff's complaint without prejudice for failure to join Three M. Plaintiff assigns several errors to the trial court's orders.

---

Plaintiff raises the following issues: I) whether the trial court properly granted summary judgment dismissing plaintiff's claims against defendant Hill; II) whether the trial court properly dismissed plaintiff's claim for *quantum meruit* under Rule 12(b)(6); III) whether the trial court properly ruled that Three M was a necessary party such that plaintiff's failure to join Three M would result in dismissal; and IV) whether the trial court properly denied plaintiff's request for findings and conclusions in connection with the interlocutory order dated 20 January 1987.

I

[1]　In support of their motion to dismiss, defendants offered the affidavit of defendant Hill which stated facts showing Hill had no ownership interest in the corporate defendant Fast Fare, was in fact an employee of Fast Fare, and had otherwise incurred no personal liability on any corporate obligation between Fast Fare and plaintiff. *Cf.* R. Robinson, *North Carolina Corporation Law and Practice* Sec. 3-8 at 52 (2d ed. 1974) (corporate agent not individually liable to third party on corporate obligations); *see also Air Traffic Conf. v. Marina Travel Inc.*, 69 N.C. App. 179, 316 S.E. 2d 642 (1984). Plaintiff did not respond to defendants' motion for summary judgment with any supporting materials of its own. Rule 56(e) of the North Carolina Rules of Civil Procedure states that, "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be granted against him." N.C.G.S. Sec. 1A-1, Rule 56(e) (1983). Plaintiff contends it was not required to respond to defendants' motion and Hill's affidavit with evidence of its own since it was unable through several telephone contacts "to get any information from defendant Fast Fare as to who Mr. Jerry Hill was or what his title or position with the company was . . . ." We reject plaintiff's excuse. Rule 56(f) addresses this situation by providing that:

G & S BUSINESS SERVICES v. FAST FARE, INC.

[94 N.C. App. 483 (1989)]

Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Sec. 1A-1, Rule 56(f).

Defendant Hill's affidavit, if true, establishes that he was not liable to plaintiff on any corporate obligation of Fast Fare. "To hold that courts are not entitled to assign credibility as a matter of law to a moving party's affidavit when the opposing party has ignored the provisions of sections (e) and (f) would be to cripple Rule 56." *Kidd v. Early*, 289 N.C. 343, 370, 222 S.E. 2d 392, 410 (1976); *see also Nasco Equip. Co. v. Mason*, 291 N.C. 145, 150-51, 229 S.E. 2d 278, 282 (1976) (party without access to facts necessary to respond is protected by compliance with Rule 56(f)). As plaintiff failed to comply with sections (e) and (f) of Rule 56 and has not pointed to any specific ground for impeaching Hill's affidavit which establishes his right to summary judgment, we hold the trial court properly granted summary judgment against plaintiff on its claims against Hill. Therefore, although plaintiff alleged its claims against both defendants, we shall hereafter refer only to defendant Fast Fare concerning those claims.

II

[2] Under Rule 12(b)(6), the trial court also dismissed plaintiff's claim for *quantum meruit*. Plaintiff's complaint alleged that Three M was Fast Fare's agent and that Three M "had contracted with Plaintiff to provide various printed materials and items, which Plaintiff did." Plaintiff has attached to its complaint a statement of account showing a contract between Three M and plaintiff with the notation "For: Fast Fare Account." Plaintiff's allegations of fact are treated as true for purposes of determining a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Harris v. N.C.N.B. Nat'l Bank*, 85 N.C. App. 669, 355 S.E. 2d 838 (1987). If the face of the complaint discloses an insurmountable bar to recovery, the complaint is properly dismissed under Rule 12(b)(6). *Oates v. JAG, Inc.*, 314 N.C. 276, 333 S.E. 2d 222 (1985).

Plaintiff's complaint discloses such an insurmountable bar to recovery: plaintiff has clearly alleged an express contract existed

between it and Three M to provide goods and services for the benefit of Fast Fare. Where there is an express contract between two parties, there can be no implied contract between them covering the subject matter dealt with in the express agreement; likewise, where there is a contract between two parties to furnish goods and services for the benefit of a third, the third party is not liable on an implied contract or under *quantum meruit* for those goods and services. *Vetco Concrete Co. v. Troy Lumber Co.*, 256 N.C. 709, 713-15, 124 S.E. 2d 905, 908-09 (1962) (collecting cases). Thus, whether or not Three M was Fast Fare's agent, plaintiff's allegation of this express contract bars its claim for *quantum meruit*. Therefore, the trial court properly dismissed plaintiff's *quantum meruit* claim under Rule 12(b)(6). *See Suffolk Lumber Co. v. White*, 12 N.C. App. 27, 182 S.E. 2d 215 (1971) (dismissing claim for implied contract where express contract alleged for third party's benefit).

III

[3]  The only remaining claim in plaintiff's complaint is its claim against Fast Fare by virtue of its dealings with Fast Fare's alleged agent, Three M. Since plaintiff's complaint alleges Three M was an agent for Fast Fare, plaintiff contends Three M was not a necessary party to its claim against Fast Fare. However, since Three M is not bound by plaintiff's allegations, plaintiff's argument overlooks the fact its mere allegations do not determine whether Three M was in fact Fast Fare's agent or was an independent third party for purposes of determining whether Three M was a necessary party under Rule 19. *American Air Filter Co., Inc. v. Robb*, 267 N.C. 583, 586, 148 S.E. 2d 580, 582 (1966).

A person is considered a necessary party "when he is so vitally interested in the controversy that a valid judgment cannot be rendered in the action, completely and finally determining the controversy, without his presence." *Booker v. Everhart*, 294 N.C. 146, 156, 240 S.E. 2d 360, 365-66 (1978). All of plaintiff's claims arise from the same series of transactions with Three M. Depending on Three M's status as agent or third party, a fact finder could possibly establish that Three M, Fast Fare, both, or even neither were liable to plaintiff for the goods and services allegedly supplied. Given these circumstances, it appears Three M was a necessary party to plaintiff's action against Fast Fare.

[4] Since Three M had not been joined, the trial court followed the proper procedures under *Booker* and continued the case until

it could be determined whether plaintiff could join Three M, which had declared bankruptcy. When plaintiff failed to secure the bankruptcy court's permission to join Three M, the trial court properly dismissed the action under Rule 12(b)(7). Even assuming Three M was not a necessary party, the trial court had the discretion under Rule 19(b) to dismiss the action in any event. N.C.G.S. Sec. 1A-1, Rule 19(b) (1983); *see Crosrol Carding Developments, Inc. v. Gunter & Cooke, Inc.,* 12 N.C. App. 448, 452-53, 183 S.E. 2d 834, 837-38 (1971). Accordingly, we reject this assignment of error.

We note the trial court's dismissal for failure to join Three M was without prejudice and was therefore not a determination on the merits of plaintiff's remaining claim against Fast Fare. *Cf.* N.C.G.S. Sec. 1A-1, Rule 41(b) (1983) (dismissal for failure to join necessary party is not on merits). Accordingly, it appears the remaining claim against Fast Fare may be raised again once Three M can be joined as a necessary party upon the conclusion of the bankruptcy proceeding. While plaintiff would normally have up to only one year to refile the action under Rule 41(b), that time period is presumably extended under Section 108(c) of the Bankruptcy Code which provides in part that:

> . . . if applicable non-bankruptcy law, an order entered in a non-bankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under sections 1201 and 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of (1) the end of such period, including any suspension of such period on or after the commencement of the case; or (2) thirty days after notice of the termination or expiration of the stay under sections 362, 922, 1201 or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C.A. Sec. 108(c) (West 1989 Supp.).

IV

[5] Plaintiff contends the trial court improperly refused its request for findings of fact and conclusions of law under Rule 52(a)(2) with respect to the trial court's interlocutory order dated 20 January 1987. (Plaintiff did not request findings with respect to the trial

court's final order dated 19 April 1988.) We note that Rule 52 of the Federal Rules of Civil Procedure specifically provides that no findings or conclusions are required on motions under Rules 12 and 56. However, Rule 52(a)(2) of our own rules of procedure states that "findings of fact and conclusions of law are necessary on decisions of any motion or order *ex mero motu* only when requested by a party and as provided by Rule 41(b)." N.C.G.S. Sec. 1A-1, Rule 52(a)(2) (1983). Our own courts have held that Rule 52(a)(2) does not apply to summary judgments such as that entered on plaintiff's claim against defendant Hill. *E.g., Mosley v. Nat'l Finance Co., Inc.,* 36 N.C. App. 109, 111, 243 S.E. 2d 145, 147, *disc. rev. denied,* 295 N.C. 467, 246 S.E. 2d 9 (1978). Under the same rationale, Rule 52(a)(2) does not apply to the trial court's dismissal of plaintiff's *quantum meruit* claim since it was based only on plaintiff's pleadings under Rule 12(b)(6). *See J. F. Wilkinson Contracting Co., Inc. v. Rowland,* 29 N.C. App. 722, 225 S.E. 2d 840, *disc. rev. denied,* 290 N.C. 660, 228 S.E. 2d 452 (1976) (no findings required on judgment on pleadings under Rule 12(c)). Similarly, as a dismissal for failure to join a necessary party is not a dismissal on the merits under Rule 41(b), the trial court was not required to enter findings and conclusions as to that ruling under Rule 52(a)(2) since they are not required under Rule 41(b). 9 C. Wright & A. Miller, *Federal Practice and Procedure* Sec. 2575 at 693-94 (1971) (findings required under Rule 41(b) only in case of dismissal after a non-jury trial); *see also O'Neill v. Southern Nat'l Bank,* 40 N.C. App. 227, 231, 252 S.E. 2d 231, 234 (1979) (no findings or conclusions required concerning non-appealable interlocutory rulings). Accordingly, we also reject this assignment of error.

As there is no indication in the record that plaintiff raised any constitutional objections before the trial court, we need not consider the constitutional objections now raised in plaintiff's brief. *State v. Elam,* 302 N.C. 157, 159, 273 S.E. 2d 661, 663 (1981); N.C.R. App. P. 14(b)(2). However, as we have above held, the trial court's rulings were based on a correct application of our case law and rules of procedure, we fail to see any basis for plaintiff's argument that its rights to equal protection and due process were prejudiced.

The trial court's judgments dated 20 January 1987 and 19 April 1988 are therefore

Affirmed.

Judges EAGLES and COZORT concur.